Andrew Hodge *v.* Jedediah Leeds and another.

Appeal from the District Court of the First District, *Buchanan*, J.

Simon, J. This is an appeal, taken by Andrew Hodge, from a judgment on a rule taken by Leeds & Co., to dissolve an injunction.

Certain proceedings having been had, at the suit of the Union Bank of Louisiana, Commogère and others, for the seizure and sale of property, mortgaged to the said Bank, to secure and satisfy the sum of $310 27, with interest, the same was offered for sale, by the sheriff of the parish of Jefferson, and adjudicated to Andrew Hodge, junior, for the sum of seventy thousand dollars cash. The purchaser did not comply with the conditions of the sale. In the meantime, Leeds & Co. intervened and made a third

opposition, by virtue of a privilege, by them claimed on the mortgaged plantation, for the sum of $3742 24, praying that the amount secured by said privilege, might be paid out of the proceeds of the sale of said plantation, in preference to the claim of the Union Bank. Whereupon judgment was rendered, in favor of the said Leeds & Co, according to the prayer of their petition ; which judgment was duly notified to the parties to this suit. A few days afterwards, Leeds & Co., on exhibiting to the court the return on the execution, showing that Andrew Hodge, Jun., to whom the plantation was adjudicated, had failed to comply with the conditions of the sale, obtained a rule on the coroner, to show cause, why he should not expose the plantation for sale anew, and adjudge it to another person ; which rule was notified to Andrew Hodge. On the trial of the rule, it was shown that the purchaser, Hodge, had paid the claim of the Union Bank ; but it was ordered, that said rule be made absolute, and that the plantation be exposed for sale anew, under an execution issued by Leeds & Co., and from this judgment, Andrew Hodge appealed.

During the pendency of the appeal, Leeds & Co. took a rule before the inferior court, on Andrew Hodge, the appellant, to show cause, why the order granting a suspensive appeal, should not be set aside, on the grounds set forth in the written motion by them filed ; whereupon, it was ordered, that the third opponents have leave to issue an execution, upon the judgment by them obtained, notwithstanding said appeal. An execution was issued accordingly, and the coroner was about proceeding to sell again the property originally adjudicated to Hodge, when the latter obtained an injunction, to stay the proceedings of the coroner, on divers grounds alleged in his petition ; among which, it is alleged that although subsequent to the judgment on the last rule, the court had granted a suspensive appeal, which was regularly filed by the appellant, yet the coroner refused to suspend his proceedings, and persisted in re-selling the plantation. Exceptions were filed by Leeds & Co., who, on the 7th of January, 1842, obtained from the court, a qua, a rule on Andrew Hodge to show cause, why the injunction granted should not be dissolved, with ten per cent interest, and twenty per cent damages on the amount enjoined, and two hundred dollars special damages as attorney's fees,

on the grounds : 1st. that from the showing of said Hodge, on the face of his petition, he is not entitled to the said writ of injunction :—2d. that the allegations in the said petition, are insufficient and untrue :—and 3d. that the bond given by said Hodge, is not formal nor sufficient, and that the surety to said bond is not good and solvent.

This rule was submitted to the court, without any evidence being adduced on the solvency or sufficiency of the security on the injunction bond ; and the inferior Judge was of opinion, that the rule must be made absolute, at least, for such amount, as should appear proper under the circumstances.  But a question arose upon the construction of a written compromise, made between the parties after the motion was made ; and it was contended, on the part of A. Hodge, Jr., that this compromise does away with the claim of Leeds & Co., under the law of 1831, to damages upon the dissolution of the injunction.  Whereupon, the judge, *a quo*, considering the matter compromised, as totally separate and distinct from Hodge's legal obligation arising out of his injunction bond, was of opinion, that the damages and interest claimed were not provided for by the compromise, and were not included therein ; and rendered judgment against said Hodge, dissolving the injunction, and condemning him and his surety, *in solido*, to pay to Leeds & Co., seven hundred dollars damages, with interest, at the rate of ten per cent per annum, on the sum of $3500.  From this judgment, Andrew Hodge, Jr. took the present appeal.

The question raised in the court below, in relation to, and in consequence of, the compromise, is renewed before us ; and it is contended by the appellant's counsel, that the compromise put an end to all previous claims of Leeds & Co. against A. Hodge, of whatever kind or nature they may have been, and limited their claims to the sums or objects mentioned in the compromise, as contained and expressed in the following receipt :

" New Orleans, 12th January, 1842.  Received of Andrew Hodge, Jr., one thousand dollars, on account of my claim for the engine, &c., furnished L. & M. Commogère under his guarantee, which we have agreed to compromise for the sum of thirty-five

hundred dollars, besides the costs of boxing and cartage, interest, and costs of suit.                                    LEEDS & Co."

Under art. 3040 of the Civil Code, "transactions regulate only the differences, which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed ; and they do not extend to differences, which the parties never intended to include in them." Now, it seems to us, that the object of the compromise, was to put an end to the litigation which existed between the parties previous thereto, and to settle all the matters in difficulty between them. This compromise was made after the motion to dissolve the injunction had been filed, and after the service of the rule had been made on the defendant, Hodge. Both parties were aware that damages and interest had been claimed by Leeds & Co., and this was, undoubtedly, one of the differences which Hodge wished and intended to settle, in order to avoid the consequences of his injunction. The compromise provides for the payment of the interest due, and of the costs of the suit. Why provide for those costs, and not for the damages, if it was not understood that those damages should be waived ? The payment of the costs indicates, that no further matter existed in litigation between the parties—that their differences were at an end ; and the idea that the suit was to continue, with regard to the damages, appears to us inconsistent with the implied agreement, that the suit was to be ended by the payment of the costs. Indeed, we consider the renunciation on the part of Leeds & Co., of the damages and interest by them claimed under the law of 1831, as a necessary consequence, of what is expressed in the compromise ; and if it be true, as we think it is, that the parties intended to bring to a final and amicable settlement, all the matters in dispute between them, they must have had in view, that the claims of Leeds & Co. against Hodge, arising from the matters in litigation, should be limited to the sum of $3500, the costs of boxing and cartage, interest, and the costs of suit ; or, in other words, that on the payment of the sums included in the compromise, the appellees should have no

further claim to set up against the appellant : otherwise the object of the transaction would not be attained. Civil Code, art. 3038.

It is, therefore, ordered and decreed, that the judgment of the District Court be annulled, and reversed, so far as it condemns the appellant to pay to Leeds & Co., the sum of seven hundred dollars damages, together with ten per cent interest, per annum, on $3500 ; that the same be affirmed as to all its other parts ; and that the appellees pay the costs of this appeal.

*L. Peirce*, for the appellant.

*Bradford*, for the defendants.