HON. J. G. TALIAFERRO,
HON. R. K. HOWELL,
HON. W. G. WYLY,
HON. W. W. HOWE, } *Associate Justices.*

---

No. 60.—STATE OF LOUISIANA ex rel. EUGENE McCARTHY *v.* WILLIAM J. MANNING.

An appeal will not lie from an interlocutory judgment permitting a prayer for a jury to be filed and continuing the case, nor for sustaining a challenge to the array of jurors. If these orders have been improperly rendered they may be corrected on appeal from the final judgment. C. P. 566; 11 R. 486.

APPEAL from the Sixth District Court for the parish of Orleans. *Cooley.* J. *S. Belden,* Attorney General, and *A. P. Field,* for plaintiff and appellant, *Braughn & Ogden,* for defendant and appellee.

HOWE, J. The plaintiff in his petition of appeal "represents that on the decision and interlocutory judgment rendered in the foregoing case there is manifest error that works are irreparable injury to the relator," and he prays for the appeal which is now before us.

We find by the record that there were two orders or interlocutory judgments from which it seems that an appeal was thus sought to be taken, one permitting the defendant on the nineteenth June, 1869, the day the cause had been fixed for trial, to file a prayer for a jury and

ordering the case to be continued to the second July, the other rendered on the second July, 1869, sustaining a challenge to the array of jurors, discharging them from further attendance and continuing the case.

The appellee has moved to dismiss the appeal on the ground that the orders appealed from do not work irreparable injury, and in our opinion the motion should prevail.

The law does not favor the bringing of a case before the appellate tribunal in fragments, and therefore provides for an appeal from interlocutory judgments only when the injury they cause may be irreparable. The orders complained of in this case are not of that character. If erroneous they may be corrected on appeal from the final judgment, in case that final judgment should be given against the relator. If the final judgment should be in his favor the alleged error will not affect him. The delay of which he complains is not such an injury as authorizes an appeal. 3 M. 325; 10 M. 442; 11 M. 276; 3 N. S. 25; 15 L. 521; 1 N. S. 599; 11 R. 486.

It is therefore ordered that the appeal herein be dismissed with costs