## No. 9646.

## A. A. FARMER vs. W. C. HAFLEY, Admr.

A peremptory exception, which goes to the very foundation of the suit, such as the alleged nullity of the citation, should be decided *in limine*, hence it is bad practice in a court to refer similar exceptions to the merits.

If there is no citation there can be no trial on the merits, hence the injustice of subjecting the parties to the trouble and expense of introducing evidence on the merits, when eventually the case may go off on the exception.

A judgment against an absent party on whom citation was served through his alleged attorney, in fact, but who is shown not to be such an agent, is practically against a party who is not legally before the court, and is therefore a nullity.

APPEAL from the Tenth District Court, Parish of Red River. Hall, J.

*Kennard, Howe & Prentiss,* for Plaintiff and Appellee:

The beneficiary heir, residing out of the State, becomes, when he accepts the administration of a succession in this State, subject to the provisions of the law now embodied in Section 14 of the Revised Statutes of 1870. Suc. of Penny, 10 Ann. 292.

Under the prayer for general relief the court will grant such further relief as the averments of the petition will justify.

Espinola vs. Blasco, 15 Ann. 426, 427, and cases cited, 14 Ann. 719.

*Montfort S. Jones,* on the same side.

*L. B. Watkins,* for Defendant and Appellant:

I.

In the choice of an administrator the preference shall be given to the beneficiary heir over every other person, if he be of age and present in the State. R. C. C. 1042.

The beneficiary heir is entitled to the administration of an estate, though he be *not* a resident of the State. 10 Ann. 290, Succession of Penny, R. C. C. 1045.

It suffices that the heir be *actually present* when the application for administration is made. 3 Ann. 262, Succession of Williamson    12 Ann. 610, Succession of Sloone.

## Farmer vs. Hafley.

### II

If a beneficiary heir, who resides out of the State of Louisiana, may be appointed administrator of a succession that is opened in this State, his subsequent non-residence could not constitute a ground for his removal therefrom, under R. C. C. 1158.

### III.

The *failure* of an administrator to file an account furnishes no ground for his dismissal from office. If he has been ordered by the court to file an account and fails or refuses so to do, he may be removed for disoybeying the order. 28 Ann. 800, Succession of Head. 34 Ann. 533, Congregation vs. Faculty.

### IV.

The sale by an heir to a stranger, of an unliquidated interest in a succession, does not constitute the vendee an *heir*. He certainly could not become such without he had subjected himself to all the charges for which the estate is responsible. R. C. C. 984, 871, 872, 873.

### V.

In 1875, Mary Farmer, one of the collateral heirs of the deceased, the mother of A. A. Farmer, joined W. C. Hafley, her brother, and aided him in procuring the administration of the succession of deceased, and her son and transferee is bound by his mother's acts, and is estopped from disavowing or gainsaying them. T. pp. 8, 9.

In 1877, Mary Farmer was one of the plaintiffs who instituted the suit of Heirs of Stephen and Seth Bedford vs. Williams and Dickson, acting through the present plaintiff, A. A. Farmer, as her agent. T. p. 11.

On the 6th of December, 1880, this suit was compromised and the defendants' title recognized, and therein A. A. Farmer appeared as her agent again.

" One who buys the interest of an heir in a succession, the administration of which is closed, and the property of which is in the possession of the heirs, *does not become liable for that heir's share of the debts of the succession.*" 30 Ann. 440, Sevier vs. Gordon.

Hence, he is without right, or responsibility, as an heir.

### VI.

When an heir assumes the quality of heir in an unqualified manner, in some authentic or private instrument, or in some judicial proceeding, the acceptance of the succession is express. R. C. C. 988.

The effect of a simple acceptance of the succession, whether express or tacit, is such that when made by an heir of age, it binds him to the payment of all the debts of the succession, personally and out of his own property. R. C. C. 1013, 1423, 992.

" The institution of a suit in the capacity of an heir of a decedent, or the sale by an heir of his interest, as heir in a succession, amounts to the acceptance of the succession, pure and simple." 2 N. S. 475; 8 N. S. 242, 2 La. 299; R. C. C. 947; 15 Ann. 170 ; 3 Ann. 502; 29 Ann. 349 ; 21 Ann. 278; 25 Ann. 56 ; 30 Ann. 93 ; 29 Ann. 837 ; 25 Ann. 220, 56; 33½Ann. 827.

### VII.

The defendant administrator is entitled to appeal from a judgment of the court *a qua*—rendered *ex gracia*—destituting him from office as an unfaithful fiduciary, and, as he contends, without evidence; and at the demand of one *not an heir*. R. C. C. 1160.

---

The opinion of the Court was delivered by

POCHÉ, J. This is a suit for the removal of the defendant as administrator of the succession of Seth Bedford, opened in the year 1874.

The principal complaint against him is that he permanently resides out of the State of Louisiana, that he has been absent continuously

for over one year without having provided for his place, as administrator, being filled by another, and without rendering any account of his administration.

Citation was prayed for and was served on I. F. Stephens, a resident of the parish, alleged to be the agent and attorney in fact of the absent and non-resident administrator. This action was met on the part of the defendant by peremptory exceptions, one of which was that I. F. Stephens was not then and had never been his agent as alleged.

He also pleaded the exception of no cause of action, and several other exceptions which it is useless to enumerate.

The exception of no cause of action was overruled, and by order of the court, all the other exceptions were referred to the merits.

At a subsequent term of the court a default was entered against the defendant, and later on, during the absence from sickness of his counsel, a trial took place and a judgment was rendered overruling all the exceptions, removing the defendant as administrator and ordering him to file an account of his administration within a specified time.

Defendant appeals from that judgment, and has embodied the substance of his exceptions in an assignment of errors, in which he also charges error in the order of the court referring his exception denying the agency of Stephens, to the merits. That ground is sustained alike by reason and by law, and it will decide the fate of the controversy in the present appeal. The habit of referring exceptions which go to the very foundation of the suit, to the merits, by which process parties are unjustly subjected to heavy costs, in procuring unnecessary evidence which burdens the record on appeal, is unfortunately growing to an alarming extent in the District Courts of the State.

While it must be deprecated generally, it must be specially censured when the exception which is referred to the merits, is one which involves the legality of the citation, without which there can be no suit and therefore no trial. That is the nature of the question presented by Defendant's exception to the capacitiy of Stephens as his alleged agent to stand in judgment for him.

If Stephen's was not the agent of Hafley, as alleged, the citation served on him was an absolute nullity, and the defendant was not before the court. If there was no party-defendant there were no merits to which the exceptions could be referred.

The injustice of such a ruling is as great to the plaintiff as it is to the exceptor; it almost amounts to a denial of justice.

The evidence which we find in the record shows conclusively that Stephens was not the agent or attorney in fact of the non-resident

administrator, hence the lower court rendered a judgment against a defendant without citation, or answer.

The mere statement of the proposition carries with it the nullity of the judgment.

It may be true, as contended by appellant's counsel, that Hafley, the absent administrator, had no authorized agent to represent him in court in matters connected with the succession, and that by means of which omission, he has actively violated the law and unpardonably neglected his duty.

But it is yet more undeniable that no judgment can be rendered against him until he is properly and legally brought before the court.

As these considerations have successfully sapped the foundation of the whole proceeding, the superstructure must crumble to the dust, and nothing is left to do but to brush away the *debris*.

It is therefore ordered that the judgment appealed from be annulled, avoided and reversed, and that plaintiff's action be remanded to the lower court for further proceedings according to law, that he pay costs of appeal, and all costs from the service of citation, other costs to abide the final determination of the case.