(49 South. 582.)

No. 17,603.

SAINT v. MARTEL.

In re MARTEL.

(May 10, 1909. Rehearing Denied June 7, 1909.)

MANDAMUS (§ 57*) — REFUSAL OF APPEAL — DISCRETION OF COURT.

Whether an exception presented to a court should be referred to the merits, or disposed of separately and before trial, is a matter left to a great extent to the discretion and judgment of the trial judge. An exception filed by relator was in this case referred to the merits by the district judge. His application to be granted an appeal from this action having been refused, relator has applied to the Supreme Court to compel under its supervisory powers the granting to him of an appeal. *Held*, the action of the judge under the circumstances of this case was correct.

[Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 57.*]

(Syllabus by the Court.)

Action by Percy Saint against J. Sully Martel. Motion of defendant, which was dismissed, referred to the merits, and defendant moved for a new trial, which being overruled, he applied for an appeal, which was refused, and applies for writs of certiorari and mandamus and prohibition. Application denied, and demand dismissed.

See, also, 122 La. 93, 47 South. 413.

Henry Darley Smith, Story & Pugh, Edward Nicholls Pugh, and Farrar, Jonas, Kruttschnitt & Goldberg, for relator. Respondent Judge ad hoc, pro se. Foster, Milling & Gaudcheaux and Hall & Monroe, for respondent Saint.

Statement of the Facts.

NICHOLLS, J. In the application made for the issuing of the writs prayed for, it is alleged that:

"The judge of the Twenty-Third judicial district court of the parish of St. Mary having been recused in the above entitled and numbered cause, Hon. W. P. Martin, judge of Twentieth judicial district court, was by consent of all parties selected to try the above cause.

"That on the 22d of March, 1909, and pursuant to notice duly given, Judge Martin, the judge ad hoc in the above suit, was in court for the purpose of considering a motion to set this cause for trial. That immediately on the calling on this cause counsel for defendant filed a motion to have this suit declared discontinued, abated, and abandoned, on the grounds that the same had been compromised and settled, and annexed to his motion a document, signed by the plaintiff and defendant in this suit; the genuineness of the signatures of the parties being sworn to by a witness in whose presence said parties had signed, and there being no denial thereof. See motion and document attached thereto hereto annexed, and marked 'Exhibit A.' That counsel for plaintiff objected to the filing of the motion, but was overruled by the court. Thereupon counsel for plaintiff, after having examined the motion and the annexed document, moved to refer the motion to the merits and set the case down for trial. Counsel for defendant objected, and protested against this motion be-

ing referred to the merits, and the trial of same with the merits. The court, after listening to argument upon the motion to declare the suit discontinued, and the motion to refer the same to the merits, stated that it would take the same under advisement; both sides consenting that it render its decision in chambers, judgment to be filed with the clerk. See minutes of the 22d of March, 1909, duly approved by the court on April 12, 1909, hereto annexed, and marked 'Exhibit B.'

"That on the 5th of April, 1909, at chambers, Hon. W. P. Martin, judge ad hoc, rendered judgment 'ordering and decreeing that the motion of the defendant herein to have this suit declared discontinued, abated, and abandoned by and the same is hereby ordered referred to the merits.' See judgment hereto annexed, marked 'Exhibit C.'

"That on the notification of this judgment defendant filed a motion for a new trial on the grounds that the court was without power, authority, and jurisdiction to refer the trial of this motion to the merits, and insisted that it must be tried in advance, and entirely separate from the merits. Defendant prayed that the judgment herein rendered be set aside, and the motion of defendant be set down for trial according to law. See Exhibit D, hereto annexed.

"Pursuant to a notice given by the judge ad hoc on April 12, 1909, the court met for the purpose of fixing this case on the merits. The motion for a new trial was called, and without permitting argument on the same the presiding judge at once overruled same. Thereupon counsel for defendant moved for a suspensive appeal to this honorable court on the ground that the referring of this motion and the trial of the same with the merits was illegal, unwarranted by law, and would cause relator irreparable injury. That the court (again without permitting argument) denied the right of appeal, and thereupon relator through his counsel notified the presiding judge, the plaintiff, and his counsel, that relator would at once apply to the Supreme Court for writs of mandamus, certiorari, and prohibition. In spite of this, however, the presiding judge, over the protest and objections of relator, fixed the case for trial on its merits on Friday, the 16th day of April, 1909. See Exhibit E, hereto annexed. Relator says that: 'The rule is perfectly well established by the jurisprudence of this state that any judgment which produces irreparable grievance and injury will justify an appeal. It is almost self-evident in this cause that the referring to the merits of the issues presented by the motion to have this suit declared discontinued, abated, and abandoned will cause relator irreparable injury and damage. It amounts to nothing more or less than a denial of justice. Cary v. Richardson, 35 La. Ann. 506.'

"As the matter now stands, the plaintiff will open his case, introduce all of his evidence, and it is only after this that defendant, relator herein, can present his evidence on his motion, and he will thus be deprived of his absolute and le-

gal right to have his motion passed upon separately and in advance of any trial on the merits. Relator will be further deprived of his right to open and close his motion, and will be forced into a long, expensive, and complicated litigation, which could be avoided if his said motion is tried in advance and separately from the merits in the ordinary course of judicial procedure. This court has repeatedly held that a motion peremptory in its very nature should not be referred to the merits, and, as stated by Chief Justice Manning in Jennings v. Vickers, 31 La. Ann. 681, where the judge tried an exception, but did not decide it: 'It is not easy to see why time was consumed in trying it. The exception was tumbled into the omnium gatherum, yclept "the merits," and not infrequently wastes time and labor. The exception, if maintained, will terminate the suit, and should be tried and decided in limine.'

"And in Farmer v. Hafley, 38 La. Ann. 234, where, in an assignment of errors in which error was charged in the order of court referring his exception denying the agency of Stephens to the merits, the court said: 'That ground is sustained alike by reason and by law, and it will decide the fate of the controversy in the present appeal. The habit of referring exceptions which go to the very foundation of the suit to the merits, by which process parties are unjustly subjected to heavy costs, in procuring unnecessary evidence which burdens the record on appeal, is unfortunately growing to an alarming extent in the district courts of the state.'

"'While it must be deprecated generally, it must be especially censured when the exception which is referred to the merits is one which involves the legality of the citation, without which there can be no suit, and therefore no trial. * * * The injustice of such a ruling is as great to the plaintiff as it is to the exceptor. It almost amounts to a denial of justice.' Cochran v. Violet, 38 La. Ann. 526; Zerega v. Percival, 46 La. Ann. 600, 15 South. 476.

"In Farmer v. Hafley, 38 La. Ann. 232, the court said that it was bad practice to refer motions to the merits which go to the foundation of the action. Certainly no reason can be assigned why the trial and the final disposition of the exception, which may put an end to the suit, should be referred to the merits, thus inflicting additional cost expense on the litigants. The judge a quo admits the correctness of this principle, for he states in his judgment: 'It probably would be better to try this motion in advance of the trial of the merits; but as the judge ad hoc in this case has as much as he can do in his own district, and as it does not seem possible to have any motions made in this case without the actual presence of the judge, the court will order the motion of defendant referred to the merits.'

"As we understand it, all the rules of procedure and all the rights given litigants by law should be ignored and set aside to suit the convenience of the judge. From the very nature of the motion filed by the defendant in this cause,

it is absolutely essential that it should be tried and determined in advance and separate from the merits of the case. It is the well-settled jurisprudence that a transaction of compromise has the effect of putting an end to the pending suit, and is res judicata. The effect of the signing of this compromise by the plaintiff and defendant was at once to put an end to the pending suit. 'If the suit was pending, it was put at an end by the signing of this agreement.' The effect was self-acting, needing no order of court to make it operative. An order of court on that subject would be merely declaratory of an existing fact.' Gigand v. City of New Orleans, 52 La. Ann. 1261, 27 South. 794.

"This is all that relator asks in his motion. The decisions are clear and to the point that the agreement of transaction or compromise of a pending suit operates as a discontinuance of the action. Adle v. Prudhomme, 16 La. Ann. 343; Russ v. Union Oil Co., 113 La. 196, 36 South. 937; Antoine v. Smith, 40 La. Ann. 560, 4 South. 321; Long v. Robinson, 5 La. Ann. 627; Oglesby v. Attrill, 105 U. S. 611, 26 L. Ed. 1186; St. Louis Mining Co. v. Montana Mining Co., 171 U. S. 650, 19 Sup. Ct. 61, 43 L. Ed. 320; McNulty v. Solley, 95 N. Y. 244; Hodge v. Leeds, 5 Rob. 325; Civ. Code, arts. 3071, 3078.

"The compromise in this case is complete, and for the purposes of this motion imparts absolute verity, and, if there is any defect in it, it can only be shown by the plaintiff in a direct action under proper pleadings setting up such defects, and cannot be attacked collaterally. On the face of the papers, the suit being discontinued, how is it possible to refer this matter to the merits and try it with the merits? If there is no pending suit, and the court is bound to assume there is none under the present conditions and pleadings, there is no merits to which it can be referred. The violation of the rules of procedure by a judge is ultra vires, beyond his power. Windsor v. McVeigh, 93 U. S. 274, 23 L. Ed. 914; State ex rel. v. Judge, 45 La. Ann. 544, 12 South. 941. Such a transcending of jurisdiction per se causes the relator irreparable injury, and he has a perfect right to appeal from such a judgment. Code Prac. art. 566.

"Relator is entitled to an appeal from such judgment; but, should this court hold that an appeal will not lie, then, and only in that event, relator avers and says that he is clearly entitled to a writ of prohibition, prohibiting said judge from assuming jurisdiction and power not granted him, and a writ of mandamus should issue, ordering and commanding the said judge to fix said motion of defendant according to law, to be tried in advance and determined separately and apart from the merits of the cause, and declaring said order referring the motion to the merits absolutely null and void, and without force, virtue, or effect. The relator has exhausted all his remedies in the lower court, and will be irreparably injured if some action is not taken by this honorable court. That he has notified in writing the judge ad hoc, the plaintiff, and opposing counsel of this application."

In view of the premises:

"Relator prays that writs of mandamus issue herein commanding the Honorable W. P. Martin, judge ad hoc in the above-entitled cause, to give and grant unto relator a suspensive appeal to this honorable court, returnable according to law, from the judgment rendered by him in the above cause on the 5th of April, 1909, referring the motion of relator to the merits and ordering the same to be tried with the merits.

"That a writ of certiorari do issue from this honorable court, directed to the said respondent judge ad hoc, commanding and directing him to send up to this court the whole record in the case of Percy Saint v. J. Sully Martel, No. 12,008 of the district court of the parish of St. Mary, and that a writ of prohibition do issue to said judge, ordering and prohibiting him from proceeding with the trial of said cause until the further order of this court, in any other respect or for any other purpose except to try, hear, and determine separately and distinctly from the merits the motion of petitioner to dismiss said cause from the docket. And petitioner prays that on the hearing of said writs this court may reverse and annul the said order of said judge referring to the merits the motion of petitioner to dismiss said cause, and decree that said motion must be tried and disposed of before said cause is tried on the merits.

"Relator further prays for all general and equitable relief, and for all other orders that may be necessary in the premises."

The application having been considered, the following order was issued:

"The within petition having been read and considered: It is ordered that a writ of certiorari issue to the judge ad hoc, commanding him to forward to this court, on or before Monday the 19th day of April, at 11 o'clock a. m., the record of the proceedings had before him in the case, to the end that their validity may be inquired into and ascertained.

"He is further commanded to show cause on the day and date above mentioned why the relief applied for should not be granted, and why the writs of mandamus and prohibition should not issue as prayed. In the meanwhile, and until the further order of this court, let all proceedings in said cause be stayed, and let the other parties in interest be notified hereof by the clerk of this court.

"Done and signed at the city of New Orleans this the 13th day of April, 1909."

Under that order the papers were brought up. The district judge, for answer to the rule, says:

"Into court now comes W. P. Martin, judge ad hoc in the above entitled and numbered suit, and by way of return to the writs of certiorari, mandamus, and prohibition herein issued here-

with submits the record of proceedings in the said cause.

"He prays that the writ herein prayed for be denied, and that he be hence dismissed."

On the 22d of March, 1909, the judge of the Twenty-Second judicial district court, who had been designated as judge ad hoc to try the case, being present to set the same for trial, a motion was made on the part of the defendant, Sully Martel, that the suit be declared discontinued, abated, and abandoned on the ground that it had been compromised and settled. To this motion was annexed what purported to be the compromise which was made the basis for the motion.

Counsel of the plaintiff (Saint) opposed the application, praying that it and the document annexed be stricken from the record, for the reasons assigned, but, if not so stricken from the record, that the motion be referred to the merits. The grounds of opposition were:

First. That the document on its face shows that it was never signed by all the parties contemplated as signatories to the same. Donelson Caffery, Jr., et al., being a necessary party to the agreement, did not sign the same, and therefore that said agreement could not bind your plaintiff, who signed the same with the understanding and belief that all parties in interest, including D. Caffery, Jr., et al., would sign.

Second. That at the time said agreement was presented to him for signature the above styled and numbered suit, together with suit No. 12,213, was pending upon the docket of this honorable court, although he had made several attempts to have same tried, and that same was actually fixed for trial on that day, and that the agreement entered into was to be consummated entirely within 20 days from the date of its signing, to wit, the 4th day of February, 1909. That it was upon this condition that plaintiff signed the agreement, and thereupon postponed the trial of his cases, and agreed to ·wait for 20 days for the settlement under said agreement.

That at the expiration of the said 20 days plaintiff had not been furnished with a copy of the agreement, and although he had demanded that same be furnished, and he then did not know whether it had been signed by all parties in interest, but that, as same was not carried out within the time stipulated, he notified the said Martel that the agreement was off and that he thereupon intended to proceed with the trial of his cases; but that, in truth and in fact, at the time of the expiration of the 20 days, the said Martel had not signed the agreement, and only signed it after the time limit therein named had expired, and, the basis of the said agreement being the postponement of the trial of his cases, until same was consummated that he was under no further obligations under the agreement after the time limit had expired, even if said agreement had been signed by all parties in interest as was contemplated. He therefore shows that if your honor should hold that the so-called motion herein made should not be referred to the merits, then that the same, together with the attached document, should be stricken from the records and not considered by your honorable court.

In view of the premises, he prayed that this motion to strike out be filed; that same be considered by the court, after considering the question as to whether or not the motion made by the defendant should be referred to the merits; and in the event that the court does not refer said motion to the merits, but holds that plaintiff has the right to have same heard separate from the merits, then that the motion herein to strike out prevail, and that the so-called exception or motion of the defendant and the so-called agreement thereto attached be stricken from the record, and for general relief.

The district judge overruled the motion to dismiss and referred the motion to the merits, saying that:

"If the agreement filed with the motion to discontinue was in reality a compromise of this suit, then there was no question but what the compromise operated as an abandonment of the suit and that the same should be discontinued. But what proof has been placed before the court going to show that the document annexed to defendant's motion was a compromise? The document offered was under private signature. It purports to have been signed in triplicate on the 4th day of February, 1909, by the parties to the suit, and by some of the other parties therein mentioned, whose consent to certain stipulations in the contract seems to have been necessary.

"Immediately following the signatures to the act is an affidavit made by one J. L. Block before a notary on March 11, 1909, to the effect that the signatures to the act are true and genuine, having been made in his presence. In argument defendant's counsel contend that this affidavit had the effect of authenticating the act.

"Such is not the law. To give an act under private signature the effect of an authentic act, it must be acknowledged by the party against whom it is adduced, and until it is so acknowledged it is inadmissible in evidence until the signatures thereto have been proved. Civ. Code, 2242. Leibe v. Hebersmith, 39 La. Ann. 1050, 3 South. 283.

"The affidavit of Block does not state when the act was signed by the parties thereto, and it may be, as was contended by counsel for plaintiff in oral argument, that the signature of one of the necessary parties to the act was not affixed until after the time limit fixed in the act had expired, and after such party had been notified that the proposition of compromise had been withdrawn.

"The act not being authentic in form, and not having been authenticated in the manner provided by law, it follows that it could only be considered as an act under private signature. If the affidavit of Block was admissible to prove the signature, then the plaintiff is entitled to offer evidence in rebuttal of this affidavit, or to prove any other fact going to show that no such compromise was ever entered into.

"The motion of defendant to order the case discontinued on the ground that the annexed act was a compromise of the suit was immediately argued and submitted, without giving the plaintiff's counsel either the time or the opportunity to deny or offer evidence to disprove the allegations made in defendant's motion, except the very strenuous denials made in oral argument. It may be that the act offered is a compromise, and that it will operate as a discontinuance of this suit; but this is a question of fact that it will require evidence to determine.

"It would probably be better to try this motion previous to going into the merits; but as the judge ad hoc in this case has as much as he can well do in his own district, and as it does not seem possible to have any motions made in this case without the actual presence of the judge ad hoc, the court will order the motion of defendant referred to the merits.

"For the foregoing reasons, it is ordered that the motion of the defendant herein, J. S. Martel, to have the suit declared discontinued, abated, and abandoned, be and the same is hereby referred to the merits."

Defendant's counsel moved for a new trial, which being overruled, he applied for an appeal, which was refused. The present application followed.

### Opinion.

This court, in Jennings v. Vickers, 31 La. Ann. 679, Farmer v. Hafley, 38 La. Ann. 232–234, and Zerega v. Percival, 46 La. Ann. 601, 15 South. 476, did make use of the language copied in relator's application for the writs; but it was not intended to lay down an invariable rule on the subject of referring peremptory exceptions to be disposed of with the merits. That matter is to some extent left to the discretion and judgment of the trial judge, to be acted on as may best subserve the administration of justice under differing circumstances. In none of the cases cited by applicant was this court called on to deal with that question under its supervisory jurisdiction. In the brief filed on behalf of the plaintiff, counsel urge that the order referring the motion to the merits is an interlocutory order, from which no appeal lies, citing Code Prac. arts. 565, 566; Bouvier (Rawle's Ed. 1897) p. 1096; 22 Cyc. 1588; Murat v. City of New Orleans, 119 La. 506, 44 South. 279; Woolfolk v. Woolfolk, 22 La. Ann. 207; Drainage Com. v. Cullom, 111 La. 816, 35 South. 918; Fortin v. Randolph, 11 Mart. (O. S.) 276, and authorities; State v. Judge, 15 La. 521; Succession of Grace, 29 La. Ann. 695; State ex rel. Pflug v. Judge, 35 La. Ann. 765; Harris v. Stockett, 35 La. Ann. 387; Bossier's Heirs v. Hollingsworth, 117 La. 221, 41 South. 553; State

ex rel. McCarthy v. Manning, 21 La. Ann. 453; Triche v. Labiche, 120 La. 820, 45 South. 738. Counsel cite State v. Judge, 10 La. Ann. 204, as saying:

"Defendant's remedy is by trying his case and then appealing it."

The document which accompanies relator's application does not evidence a compromise. It evidences a proposed compromise, based on things to be done thereafter. Whether it would ever become a compromise was contingent upon uncertain future conditions. Counsel for the plaintiff (Saint) asserts that those conditions have not been complied with and the proposed compromise has fallen through. That was a matter in pais, to be established by evidence. It could not be disposed of on the face of the papers. The relief which relator sought should not have been advanced by way of an exception. It should have been urged by way of defense.

For the reasons assigned, it is hereby ordered, adjudged, and decreed that the orders heretofore granted under this application be withdrawn, and that relator's application be denied, and the demand dismissed, at his costs.