(98 South. 421)

No. 23987.

**MOLLIERE et al. v. DAVANT et al.**

(Dec. 10, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Limitation of actions ⟨═⟩195(3)—Prescription; burden on plaintiffs to show suspension of prescriptions interposed in defense.**

   In an action for possession of realty wherein defendants filed pleas of prescription of 10 and 30 years if there was any suspension of the prescriptions, the burden was on plaintiffs to show it.

2. **Limitation of actions ⟨═⟩197(1)—Prescription; suspension of prescriptions by minority held not shown.**

   In an action by surviving heirs and legatees to be placed in possession of land, wherein defendants filed pleas of prescription of 10 and 30 years, evidence *held* not to show that there was any suspension of such prescriptions because of the minority of the plaintiffs.

3. **Limitation of actions ⟨═⟩72(3)—Prescription; to suspend prescriptions minors must acquire title before prescriptive period complete.**

   Minority of former owner's heirs did not suspend prescriptions, where the period of prescription had been completed before they became heirs by the death of their ancestor.

Appeal from the Twenty-Ninth Judicial District Court, Parish of Plaquemine; Leander H. Perez, Judge.

Action by Victoire Molliere and others against John Davant and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Prowell & McBride and Oliver S. Livaudais, all of New Orleans, for appellants.

L. Robert Rivarde, of Hahnville, for appellees.

By Division B, composed of DAWKINS, LAND, and LECHE, JJ.

LECHE, J. Plaintiffs, as sole surviving heirs and legatees of the late Jacques Molliere, instituted this suit on December 18, 1913, to be recognized as owners and as such, placed in possession of a tract of land situated in the parish of Plaquemines. To this demand defendants filed pleas of prescription of 10 and 30 years, and from a judgment maintaining both pleas, plaintiffs have appealed.

The possession of the land in dispute, at the time this suit was filed, is admitted by plaintiffs' pleadings to have been in defendants, and that possession is shown to have begun adversely to plaintiffs, by Germain Davant when he acquired in 1870, and to have been continued and maintained by his heirs, who are the defendants in this suit. The title by which Germain Davant acquired, on June 23, 1870, from Frederic Gravolet, is one which was sufficient to convey the property, and there is no evidence to destroy the presumption of good faith which, in matters of prescription, the law attributes to such an acquisition.

It therefore appears that on December 18, 1913, when this suit was filed, defendants had been in possession in good faith and under title translative of property since June 23, 1870, or for a period of over 43 years, and the important question in the case is whether that prescription was suspended by the minority of some of the plaintiffs.

When Jacques Molliere died in 1867, he left as sole heirs two children, Victoire and Henri Molliere. Victoire was born on October 12, 1836, for she was 77 years of age

on October 12, 1913. She was therefore over 21 years of age on June 23, 1870, when defendants acquired 'from Gravolet. Henri is said by Victoire, in her testimony (at page. 29 of the transcript), to have been younger than she, but, later, she said he was older. His age is not fixed with any certainty, but according to the burial certificate offered in evidence by plaintiffs, he was about 74 years of age on the 30th of August, 1901, when he was buried. According to another certificate (page 71 of Transcript), Henri Molliere was married February 23, 1867, to Victorine Wilson, and the parties therein recognized and legitimated their four children, aged respectively 17, 13, 4, and 2 years of age. If on February 23, 1867, Henri Molliere was the father of a child 17 years of age, he must, according to the immutable laws of nature, have been over 21 years of age in 1870 when Davant purchased the property in dispute.

[1, 2] If there was any suspension of the prescriptions which defendants pleaded against the pretensions of plaintiffs, the burden of proof was upon plaintiffs to show the suspension. Plaintiffs not only failed to show such suspension, but the proof, on the contrary, shows that there was no suspension.

We therefore conclude that defendant's title was perfected by the prescription of 10 years on June 24, 1880, and that it was again perfected by the prescription of 30 years on June 24, 1900, during all of which time the two sole and then living heirs of Jacques Molliere were sui juris and of the full age of majority.

[3] There are three plaintiffs in this suit. Victoire Molliere, Ellen Molliere, and Joseph Molliere; the last mentioned two being descendants and heirs of Henri Molliere. The minority of Ellen and Joseph could not have suspended the operation of the pleaded prescriptions, as the course of both prescriptions of 10 and 30 years had been completed before Ellen and Joseph became heirs by the death of Henri Molliere.

For these reasons, the judgment appealed from is affirmed.