297 So.2d 185 (1974)
Gertrude MONTGOMERY and Marion Petry
v.
Corine BREAUX.
No. 54281.
Supreme Court of Louisiana.
June 10, 1974.
*186 Gary E. Theall, Cooper & Sonnier, Abbeville, for defendant-applicant.
Albert L. Boudreau, Jr., LeBlanc & Boudreau, Abbeville, for plaintiffs-respondents.
BARHAM, Justice.
We granted writs in this case to consider the court of appeal's decision that acquisitive prescription could not be pleaded by the peremptory exception in a petitory action.
Relator, Corine Breaux, was the plaintiff in a possessory action against respondents, Gertrude Montgomery and Marion Petry. A judgment in that action was rendered in favor of Corine Breaux. Subsequently, the respondents brought a petitory action against relator to which an exception of prescription was filed based on pleas of 10 and 30 years possession. The same trial judge who had adjudicated the former possessory action presided over the trial of the exception of acquisitive prescription. Relator sought to introduce testimony which had been adduced in the prior possessory action, and the respondents objected. The evidence was admitted over objection and a judgment sustaining the exception of prescription was rendered, thereby dismissing the petitory action of respondents and recognizing relator, Corine Breaux, as legal owner of the disputed tract of land.
*187 Respondents appealed alleging that the peremptory exception of acquisitive prescription should have been referred to the trial on the merits of the petitory action, and that the testimony from the possessory action was improperly introduced into evidence in the petitory action. The appellate court found that the plea of acquisitive prescription was an affirmative defense going to the merits in a petitory action, and it could not be asserted by means of the peremptory exception in such an action. They reversed the case and remanded it to the trial court for further proceedings.
The appellate court erred. C.C.P. Art. 922 provides the three types of exceptions allowed in civil proceedings: declinatory, dilatory, and peremptory. C.C.P. Art. 927 lists the exceptions raised by the peremptory exception:
"The objections which may be raised through the peremptory exception include, but are not limited to, the following:
(1) Prescription;
(2) Res judicata;
(3) Nonjoinder of an indispensable party;
(4) No cause of action; and
(5) No right of action, or no interest in the plaintiff to institute the suit."
No distinction is made in this article, or in the comments following it, between acquisitive prescription and liberative prescription. C.C.P. Art. 927 is founded on Article 345 of the Code of Practice of 1870 which states:
"Peremptory exceptions, founded on law, are those which, without going into the merits of the cause, show that the plaintiff can not maintain his action, either because it is prescribed or because the cause of action has been destroyed or extinguished."
The appellate court reasoned that acquisitive prescription requires an examination of the merits, and must be referred to same. We disagree.
All that must be considered in the peremptory exception of prescription is whether there is sufficient evidence to show that the alleged time period has run under the requirements of the particular code articles involved. In the instant case, the trial judge considered evidence on the question of whether the asserted thirty year prescription had run (the merits of the plea of prescription). He did not need to go into the merits of the cause (the merits of the petitory action), as to whether respondents had sufficiently made out their title to the property. The settled jurisprudence of this State is that a plaintiff in a petitory action, in order to recover, must rely on the strength of his own title and not on the weakness of that of his adversary. The title of the defendant is not at issue until plaintiff has proved valid title in himself. Cook v. Martin, 188 La. 1063, 178 So. 881 (1938); Waterman v. Tidewater Associated Oil Company, 213 La. 588, 35 So.2d 225 (1947); Collins v. Sun Oil Company, 223 La. 1094, 68 So.2d 184 (1953); Hall v. Walker, 223 La. 919, 67 So.2d 177 (1953). The judgment signed by the trial judge was in error in declaring Corine Breaux the legal owner of the immovable property involved. All that could be decided on the exception was that respondents' petitory action was defeated by relator's claim of prescription. The court could not declare relator legal owner of the property. C.C.P. Art. 923 provides the function of the peremptory exception is "* * * to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." C.C.P. Art. 934 provides the effect of sustaining the peremptory exception is to dismiss the action. The peremptory exception of prescription, be it acquisitive or liberative, evidences that the plaintiff's petitory action is barred by effect of law, and dismisses the action.
*188 Although it is customary to refer a plea of acquisitive prescription to the merits, the jurisprudence recognizes that it is within the discretion of the trial judge to dispose of a peremptory exception prior to the trial of the case, rather than refer it to the merits. C.C.P. Art. 929, Comment (b):
"While the practice of referring peremptory exceptions to the merits has sometimes been criticized by the supreme court, Jennings v. Vickers, 31 La.Ann. 679 (1879), Farmer v. Hafley, 38 La. Ann. 232 (1886), Zerega v. Percival, 46 La.Ann. 590, 15 So. 476 (1894), later cases have recognized the discretion of the trial judge to refer the exception to the merits rather than attempt to dispose of it prior to the trial of the case. Saint v. Martel, 123 La. 815, 49 So. 582, 586 (1909). See, also, City of New Orleans v. Salmen Brick & Lumber Co., 135 La. 828, 66 So. 237 (1914). The rules enunciated in the above article with respect to the trial of the peremptory exception do not interfere in any way with the trial judge's discretion in such cases. They merely prevent the defendant's using dilatory tactics in filing the exception after answer, and then insisting upon the trial of the exception in an effort to delay the trial of the case on its merits."
See also, Hebert v. Armstead, 227 So.2d 636 (La.App. 3d Cir. 1969); Molliere v. Davant, 154 La. 925, 98 So. 421 (1923); Rives v. Starcke, 195 La. 378, 196 So. 657 (1940); Porche v. Martin, 177 So.2d 288 (La.App. 1st Cir. 1965); Allen v. Paggi Brothers Oil Co., 244 So.2d 116 (La.App. 3d Cir. 1971), writ denied 258 La. 247, 245 So.2d 716 (1971). In Crain v. Graves, 152 So.2d 104 (La.App. 3d Cir. 1963) the exception was pled for the first time in the appellate court; the case was remanded to the trial court for the trial of the exception. Additionally, in the interest of judicial economy, the courts have often expressed the opinion that when disposition of an exception will justly terminate the litigation, it should be disposed of prior to a trial on the merits so as to eliminate unnecessary and costly trials. City of New Orleans v. Salmen Brick and Lumber Co., supra, and the cases cited therein; Hebert v. Armstead, supra; and Wischer v. Madison Realty Co., Inc., 83 So.2d 143 (Orleans App.1955).
The appellate court's assertion that "acquisitive prescription is an affirmative defense and not an exception" (emphasis supplied) is expressly rebutted by C.C.P. Art. 1005 which lists the affirmative defenses. Comment (b) to that article expressly states that prescription is pleaded through the peremptory exception. No distinction is made as to the types of prescription. We need not and we do not hold that prescription acquirendi causa cannot be pleaded as an affirmative defense, an incidental demand or by other procedures. This prescription may be utilized by plaintiffs as well as defendants. Therefore, a limitation on the assertion of the plea through an exception could be improper. That issue, however, is not before the Court.
It is clear, therefore, that the peremptory exception of prescription encompasses both acquisitive and liberative prescription. Having determined the validity of the action, we now turn to a consideration of the second question, whether the transcript from the possessory action was properly admitted in evidence at the trial of the peremptory exception.
At the trial of the peremptory exception relator sought to introduce the transcript of the testimony of the possessory action. Respondent objected, "* * * I object, Your Honor, because no foundation was laid. It involved another case and it's improper and should not be admitted." The evidence was admitted over the objection. Relator now argues the transcript was properly admitted under R.S. 13:3723. That statute provides:
"Whenever, during the trial of any suit or process, whether civil or criminal, before any of the district courts, either *189 party may desire to offer in evidence any record, paper, or document belonging to the files or records of the district court of the parish in which the trial is proceeding, the presiding judge at the request of such party shall direct the clerk of the district court to produce such record, document, or paper, in order that it may be used in evidence. The clerk in any such case shall not have to make a copy of any such record, document, or paper, unless the case in which it is offered is appealed, in which case the transcript of appeal shall be made up from the papers themselves. As amended Acts 1960, No. 32, § 1."
Respondent contends that this statute comes into play only after the evidence has been deemed admissible. He asserts that the transcript of the possessory action is inadmissible as hearsay.
It is axiomatic in any case that the evidence sought to be introduced should be the best evidence that the nature of the case will admit. Former testimony can be the best evidence if for some reason the former witnesses are no longer available to testify. Some predicate must be laid to establish a need for the testimony under R.S. 13:3723. No such foundation was made in this case to satisfy the best evidence rule. This was error on the part of the trial court.
As to the hearsay objection, a review of the authorities reveals a split in the manner in which former testimony is treated. Wigmore asserts that former testimony is non-hearsay; the statements have already been subjected to cross-examination thus the hearsay rule is satisfied. J. Wigmore on Evidence, § 1370 (3rd ed. 1940). The majority rule as expressed by McCormick is that former testimony is an exception to the hearsay rule. C. McCormick on Evidence, § 254 (2d ed. 1972). To come in as an exception to the hearsay rule there must have been an opportunity for cross-examination and an identity of issues (§§ 255, 257). All authorities agree, however, that there must be a showing of necessity for the former testimony, the witness must be unavailable. (McCormick, § 255; Wigmore, § 1402). The reason for this is obvious, to satisfy the requirements of the best evidence rule.
Louisiana recognizes this rule in its C. C.P. Art. 1428 which deals with the use of depositions at trial. When the deposition is sought to be used in place of the witness' actual trial testimony, a showing of unavailability of the witness is required.[*]
In the case at bar, no foundation for the use of the testimony from the possessory action was laid. There was no showing that the witnesses were unavailable for trial and no other showing was made that this was the best evidence available under the circumstances here. Defendant failed to meet the requirements for use of the testimony as an exception to the hearsay rule (evidence of the opportunity for full cross-examination on the identical issues). The trial court erred in admitting the testimony from the possessory action *190 into the hearing of the exception of prescription in the petitory action in this case.
For the above and foregoing reasons, the decision of the court of appeal is reversed. This case is hereby remanded to the trial court to be proceeded with in accordance with the views herein expressed. All costs are to await the final outcome of the case.
NOTES
[*] C.C.P. Art. 1428 provides:

"At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any one of the following provisions:
"* * *
"(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: (a) that the witness is dead; or (b) that the witness is at a greater distance than one hundred miles from the place of trial or hearing or is outside of this state, unless it appears that the absence of the witness was procured by the party offering the deposition; or (c) that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or (d) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or (e) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."