GRISBAUM, Judge.
This case presents a question of whether a trial court sustaining an objection of opposing counsel, correctly excluded questions concerning the corporation as the “alter ego” of the sole shareholder on the basis that this issue was not presented by the pleadings. Plaintiff, South Central Roofing & Sheet Metal Supply, Inc., initially filed a suit on an open account against Johnnie McKay individually and d/b/a J. McKay. Defendant filed an exception of no cause of action. The trial court heard arguments on this exception but referred it to the merits. Plaintiff filed a supplemental and amended petition which included as defendants the corporations, J. McKay Roofing Company, Inc. and J. McKay Roofing & Supply Company, Inc., as well as Johnnie McKay individually. After trial, the court entered judgment in favor of plaintiff and against defendant corporation J. McKay Roofing Company, Inc. but dismissed plaintiff’s claim against defendant Johnnie McKay individually. Plaintiff, South Central, appeals only that part of the trial court’s judgment which dismisses its claim against Johnnie McKay individually. We affirm.
Plaintiff’s initial petition against Johnnie McKay individually and d/b/a J. McKay, J. McKay Roofing Company, Inc., and J. McKay Roofing & Supply Company, Inc., claimed Johnnie McKay was indebted to plaintiff for the sale and delivery of roofing materials to McKay. A list of payments made on the open account and an itemized statement of the account was included. Plaintiff’s supplemental and amended petition merely included the additional corporation defendants of J. McKay Roofing Company, Inc. and J. McKay Roofing & Supply Company, Inc. All other allegations remain the same indicating that this suit is one on an open account against an individual Johnnie McKay and one or more corporations under the name of J. McKay Roofing Company, Inc. and/or J. McKay Roofing & Supply Company, Inc.
At the trial, plaintiff attempted to introduce evidence to prove that J. McKay had failed to conduct his business as a corporation distinct from himself; however, defendants objected to any line of questions in that area on the grounds that piercing the corporate veil was not an issue raised by the pleadings, and, therefore, plaintiff was expanding its pleadings. At that time, plaintiff failed to specifically move to amend its pleadings. Instead, objection was entered to the court’s ruling excluding plaintiff’s evidence, and a proffer was offered.
We must decide whether the issue of piercing the corporate veil was presented by the pleadings, and, if not, whether the trial court committed reversible error in sustaining defendants’ objection to questions concerning this issue. However, before discussing this issue, we note that the trial court improperly referred the exception of no cause of action to the merits. La.C.C.P. art. 929 requires that a preempto-ry exception pleaded prior to an answer be tried and decided in advance of the trial of the case. However, this was harmless error as will be shown later in this opinion. We also note that under the facts of this case, a preemptory exception designated as improper party defendant rather than an exception of no cause of action, properly addresses the problem of suing the incorrect person or entity.
Addressing the central issue of this case, we look to La.C.C.P. art. 865 which states, “[e]very pleading shall be so construed as to do substantial justice.” Viewing the pleadings as a whole, we do not find that the issue of piercing the corporate veil was raised by the allegations made. By merely filing suit on an open account against Johnnie McKay individually and against corporations he allegedly owned does not present an issue of piercing the corporate veil. The allegations in the petition merely alleged the indebtedness of the defendants on an open account. With reference to the second question, the trial court did not commit reversible error by excluding questions concerning the issue of piercing the corporate veil. La.C.C.P. art. 1154 provides:
When issues not raised by the pleadings are tried by express or implied consent of *953 the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence. (Emphasis added.)
While this article provides that the court may allow amendment of the pleadings, it recognizes that a defendant should not be prejudiced in the maintaining of his defense. Townsend v. Cleve Heyl Chevrolet-Buick, Inc., 318 So.2d 618, 623 (La.App. 2d Cir.1975) sets forth a principle we find helpful in resolving this question. The court states:
“... When the pleading in question is construed in its entirety and with all other matters occurring during trial which relate to the pleading, and it is more reasonable than not to conclude that the adverse party was given fair notice and was fairly informed that the pleading’s intended substantive result and procedure by which this result was intended to be accomplished, the pleading will be held to be legally effective and to satisfy the requirements of the Code of Civil Procedure which are raised in objection to the pleading.”
We do not find that defendants have had fair notice that piercing the corporate veil at issue by a suit which only alleged indebtedness against an individual and a corporation or corporations. Moreover, even if defendant had proper notice of this issue and plaintiff’s proffered evidence had been admitted at trial, after review of the entire record and the proffered evidence, we find insufficient evidence to enable a court to disregard the corporate entity and hold Johnnie McKay individually responsible. See, Kingsman Enterprises v. Bakerfield Elec. Co., 339 So.2d 1280, 1283 (La.App. 1st Cir.1976).
For the above reasons, we affirm the trial court’s judgment.
AFFIRMED.