JASPER E. JONES, Judge.
The plaintiffs in this declaratory judgment action are seeking to have a 1960 deed, which conveys a ¾« undivided interest in an 81 acre tract of land to their deceased brother, declared null and void. The administrator of decedent’s estate opposes the action. Prior to answering plaintiff’s petition the administrator filed a peremptory exception of prescription.[1] Plaintiffs moved to have the exception referred to the merits. The trial court granted the motion. On application of the administrator, a writ was granted to review the trial court’s decision to refer the exception to the merits. We recall the writ and deny the application.
The plaintiffs, Gertrude Short, Carmen Linam, Lillie Evans and Bess Bridges, are four of the eight children born to the marriage of Mr. and Mrs. J. Wylie Jones.[2] On December 15, 1903 Mr. and Mrs. Jones purchased, as community property, the 81 acre tract in controversy which is located in Caddo Parish. Mr. J. Wylie Jones died intestate in 1935. Upon his death Mrs. J. Wylie Jones became the full owner of her ½ interest in the tract and the eight children each inherited a Vi<> interest. Ownership remained in indivisión.
In 1960 plaintiff’s brother, M. Carl Jones, decided to acquire plaintiffs’ and his mother’s interest in the tract. He had a deed prepared naming the four plaintiffs and his mother as vendors of all their interest in the tract. The deed, which was executed October 25, 1960, contains signature blanks for all five of the vendors. Only Mrs. J. Wylie Jones, Mrs. Linam and Mrs. Bridges, signed the deed. Mrs. Bridges subsequently scratched her signature from the deed. Mrs. Short and Mrs. Evans never signed the deed. The deed was recorded in the Caddo Parish Conveyance Records on August 20, 1966.
Mrs. J. Wylie Jones died in 1961. M. Carl Jones died in 1980. After his succession was opened plaintiffs learned that included in the inventory of succession assets was the !½6 undivided interest in the 81 acre tract formerly owned by Mrs. J. Wylie Jones and Mrs. Linam. Plaintiffs filed the instant action on August 7, 1981. The grounds upon which they seek to have the deed declared null and void are:
(1) The deed contemplated the signature of five (5) vendors, but was only signed by two (2) of the proposed sellers and it is submited (sic) that where a written contract is required by law, or contemplated by the parties, a reduction of the contract to writing and its execution by all of the parties thereto is necessary to perfect the contract.
(2) No consideration was paid.
(3) The two (2) parties who did sign the contract did not comprehend the purport of the instrument, there was no meeting of the minds, and the instrument was signed by mistake.
(4) The two (2) parties who did sign the deed were induced to do so by M. CARL JONES by certain fraudulent acts of deception and concealment.
In his exception relator alleges the relief plaintiffs seek is subject to either the five year prescriptive period for rescission of *203 contracts under LSA-C.C. art. 3542[3]or the ten year prescriptive period for rescission of agreements where no shorter period is set by law under LSA-C.C. art. 2221. The trial judge decided to refer the exception to the merits because, “the testimony to be taken on the peremptory exception would be almost totally the same testimony as that at trial.”
The time for trial of exceptions pleaded at various stages of the proceedings is set out in LSA-C.C.P. art. 929 which provides:
Art. 929. Time of trial of exceptions
The declinatory exception, the dilatory exception, and the ‘peremptory exception when pleaded before answer, shall be tried and decided in advance of the trial of the case.
If the peremptory exception has been pleaded in the answer, or subsequently, but at or prior to the trial of the case, it shall be tried and disposed of on the trial. If the peremptory exception has been pleaded after the trial of the case, the court may rule thereon at any time unless the party against whom it has been pleaded desires and is entitled to introduce evidence thereon. In the latter event, the peremptory exception shall be tried specially, (emphasis added)
Although article 929 requires in mandatory language that a peremptory exception filed before answer must be tried before trial, Official Revision Comment (b) to that article clearly indicates it is within the trial court’s discretion to refer a peremptory exception filed before answer to the merits rather than trying it in advance of the trial on the merits. Comment (b) provides:
(b) While the practice of referring peremptory exceptions to the merits has sometimes been criticized by the supreme court, Jennings v. Vickers, 31 La.Ann. 679 (1879); Farmer v. Hafley, 38 La.Ann. 232 (1886); Zerega v. Percival, 46 La.Ann. 590, 15 So. 476 (1894), later cases have recognized the discretion of the trial judge to refer the exception to the merits rather than attempt to dispose of it prior to the trial of the case. Saint v. Martel, 123 La. 815, 49 So. 582, 586 (1909). See, also, City of New Orleans v. Salmen Brick & Lumber Co., 135 La. 828, 66 So. 237 (1914). The rules enunciated in the above article with respect to the trial of the peremptory exception do not interfere in any way with the trial judge’s discretion in such cases. They merely prevent the defendant’s using dilatory tactics in filing the exception after answer, and then insisting upon the trial of the exception in an effort to delay the trial of the case on its merits, (emphasis added)
Relator contends that any peremptory exception pleaded prior to answer must be decided in advance of trial. He argues that Comment (b) cannot be given any weight in interpreting article 929 because the language of the article is mandatory and unambiguous. The cases of Montgomery v. Breaux, 297 So.2d 185 (La.1974); Ward v. Standard Materials, Incorporated, 293 So.2d 885 (La.App. 1st Cir.1974); Hebert v. Armstead, 227 So.2d 636 (La.App. 3d Cir.1969) have all considered and approved the Comment and concluded that the trial judge has discretion to refer a peremptory exception to the merits.
Relator points out that these cases involve different factual situations than that presented here and for that reason are inapposite.[4] Although the cases are not precisely on point they all stand for the proposition that Comment (b) is a valid statement of the law and the trial judge *204 may refer the exception of prescription to the merits even though it is filed before the defendant files his answer.
The same factual situation as is here involved was recently presented to this court in Knighten v. Knighten, 447 So.2d 534 (La.App. 2d Cir.1984), writs den. 448 So.2d 1303 (La.1984). There we followed Comment (b) and held the trial judge has the discretion to refer a peremptory exception of prescription, pleaded prior to answer, to the merits of the case.
The relator relies upon the early Supreme Court decisions of Jennings v. Vickers, 31 La.Ann. 679 (1879); Farmer v. Hafley, 38 La.Ann. 232 (1886) and Zerega v. Percival, 46 La.Ann. 590, 15 So. 476 (1894) to support his contention that the trial judge has no discretion to refer a peremptory exception to the merits. As was pointed out in Comment (b) the views expressed in these early cases were reputiated in the later Supreme Court cases of Saint v. Martel, 123 La. 815, 49 So. 582 (1909) and City of New Orleans v. Salmen Brick & Lumber Co., 135 La. 828, 66 So. 237 (1914) where it was recognized that the trial judge has the discretion to refer peremptory exceptions to the merits.
The cases of Waterhouse v. Star Land Co., 139 La. 177, 71 So. 358 (1916) and Wischer v. Madison Realty Company, 83 So.2d 143 (La.App. Orleans 1955) cited by relator found no error in the trial court’s action of trying the peremptory exceptions before the case was tried on the merits, but neither case held that the trial judge does not have discretion to refer a peremptory exception to the merits.
The cases of Cheramie v. Vegas, 385 So.2d 453 (La.App. 1st Cir.1980); South Central Roofing & Sheet Metal Supply, Inc. v. McKay, 425 So.2d 951 (La.App. 5th Cir.1983) and Patterson v. Patterson, 436 So.2d 603 (La.App. 4th Cir.1983) cited by relator support his position that LSA-C. C.P. art. 929 requires all peremptory exceptions filed before answer to be tried and disposed of in advance of the trial on the merits. None of these cases considered Comment (b). These Court of Appeal cases did not consider the Supreme Court case of Montgomery v. Breaux, supra, which recognized the trial judge has the discretion to refer a peremptory exception to the merits and quoted with approval Comment (b) of LSA-C.C.P. art. 929.
Although it is customary to refer a plea of acquisitive prescription to the merits, the jurisprudence recognizes that it is within the discretion of the trial judge to dispose of a peremptory exception prior to the trial of the case, rather than refer it to the merits. C.C.P. Art. 929, Comment (b) ... (the court then quoted entire Comment (b) to C.C.P. Art. 929 which we have earlier quoted in this opinion)
For the reasons set forth we decline to follow the cases of Cheramie v. Vegas, supra, South Central Roofing & Sheet Metal Supply, Inc. v. McKay, supra, and Patterson v. Patterson, supra relied upon by relator and conclude the trial judge has discretion to refer a peremptory exception filed prior to answer to the merits.
Much of the evidence necessary for determination of the merits will be the same evidence required to determine the issue of prescription. We find no abuse of discretion in the trial court’s decision to refer the exception to the merits in the interest of judicial economy.
For the reasons assigned the writ is recalled and the application is denied at relator’s cost.

. No answer has as yet been filed.

. Several of plaintiffs’ nieces and nephews who are heirs of Mrs. J. Wylie Jones intervened as plaintiffs.

. Article 3542 was vacated and reenacted as LSA-C.C. art. 3497 by Acts 1983, No. 173. The change became effective January 1, 1984.

. In Montgomery v. Breaux and Hebert v. Arm-stead, the exception was tried in advance of trial. In Ward v. Standard Materials, it appears that the exception and the answer may have been filed at the same time but there is no indication that the exception was contained in the answer or that the answer was filed before the exception.