On Motion to Dismiss Appeal.
 

 OVERTON, J.
 

 Plaintiff instituted this suit against the defendant to recover $2,500, alleged to be due him as damages, both actual and punitive, for the cutting and removing of timber from certain lands belonging to him and the intervener, Joseph C. Gilmore.
 

 Plaintiff alleges that the intervener transferred to him his claim for damages against the defendant. The intervener in his petition recognizes this transfer. The intervention also contains a call in warranty, which was .dismissed in the lower court on exception, but whiph it is unnecessary to further mention here in passing on the question now before us.
 

 • From an adverse judgment, both plaintiff and intervener appealed to the Court of Appeal for the First Circuit. That court found that it had no jurisdiction, as the amount claimed exceeded $2,000, exclusive of interest, and hence ordered the appeal transferred to this court. Approximately five months'and a half elapsed between the order of transfer and the filing of ttie transcript of appeal here.
 

 After the filing of the appeal in this court defendant moved to dismiss it on the following grounds, to wit:
 

 First, because the appellants did not ask for a rehearing in the Court of Appeal; secondly, because, after the order transferring the case to this court, appellants were guilty of laches in filing the transcript, and even delayed the clerk of court in making it, by retaining a part of the record for several days and by delaying, at times, the giving of instructions; thirdly, because of the failure to include in the transcript a copy of a magazine, and also because a plat and a survey not offered in evidence are included in the transcript.
 

 The record discloses that the judgment transferring the -appeal was rendered on March the 25th, 1920. Very shortly thereafter, application was made to this court to permit the filing of the original record here, instead of the usual transcript. This application was denied. Thereafter, to wit, on May the 13th, following, as appears from the correspondence in the record, to which the parties to this appeal refer, the clerk of the district court for the parish of Livingston acknowledged receipt of the original record from counsel for the appellants, which record
 
 *21
 
 we gather was sent him for the purpose of making the transcript. There is a letter in the record, of date June the 8th, written by eounsel for the appellants, inquiring concerning the transcript. On August the 20th, the clerk advised eounsel that the transcript was •approaching completion, and advised him that it would have been completed earlier had it not been for the fact that his deputy had been sick, and that he himself had been in the Touro Infirmary for two weeks. On August the 25th the clerk advised counsel for the appellants that the transcript had just been completed, and that it had been expressed to them O. O. D. On September the 16th, following, it was filed in this court.
 

 Opinion.
 

 It was not a condition 'precedent to lodging the appeal here that appellants should have prayed for a rehearing in the Court of Appeal. They have acquiesced in the judgment of that court, directing that the appeal be transferred here, and, having acquiesced, the right to the transfer accrued immediately.
 

 In respect to the delay in lodging the appeal here, we do not find that appellants have been guilty of such laches as will call for its dismissal. Only a few days after the transfer was ordered, they attempted to lodge the appeal in this court by seeking to file the original record in lieu of the transcript. This accounts for a part of the delay. Their failure to obtain the permission requested should not work against them. Having failed in that respect, within a short time thereafter the order for the transcript was given the clerk. The delay that followed does not appear to be attributable to appellants. They seem to have been desirous of procuring the transcript as soon as possible, and from time to time inquired concerning it. A part of the delay was attributable
 
 to
 
 the illness of the clerk and his deputy. The fact that almost three weeks intervened between the time that the transcript was expressed to counsel for appellants and the time that it was filed in this court ought not to work by itself, nor in connection with what has been said, a dismissal of the appeal. There is no evidence showing why this delay' occurred, though counsel for appellants, in an answer to the motion to dismiss, suggest that it was due to the fact that appellants had to raise the money to pay for the making of the transcript in order to get it from the express company.
 

 As the law fixes no time within which the transfer must be perfected, and as we find no unreasonable delay attributable to appellants,' we conclude that the appeal should not be dismissed upon this ground. De Brueys v. Burns et al., 144 La. 707, 81 So. 259.
 

 The omission from the transcript of the magazine offered in evidence is no longer pressed, for the reason that it is in one of the copies of the transcript filed.
 

 The last ground urged, which is that of including in the transcript a plat and survey not offered in evidence, cannot be maintained. An appeal will not be dismissed simply because a document, not offered in evidence, is included in the transcript. Where such proves to be the case, the court, instead of dismissing the appeal, will ignore the document.
 

 For the reasons assigned, the motion to dismiss is overruled.