**VACCARO BROS. & CO. v. L. & N. R. R. CO.**

---

(April 29, 1929. Opinion and Decree.)
(May 27, 1929. Rehearing Refused.)

---

JONES, J. This matter comes before us on a rule of defendant and appellant to show cause why the depositions of five witnesses taken in Nashville, Tenn., by plaintiff, should not be stricken from the record on the ground that they were intentionally never offered in evidence below. The attorney for plaintiff who has only come into the case since the appeal was taken, contends that it was not necessary to offer the Nashville depositions in evidence, because the agreement under which they were taken contains the following stipulation: "The depositions so taken shall be received and read in evidence without any formality and subject only to the rules of evidence as to materiality and admissibility of same."

Although the transcript contains the depositions, they are not stamped by the clerk of court, and they have no stamp mark indicating that the filing fee had been paid.

The following excerpts from decisions of the Supreme Court sustain the validity of plaintiff's procedure herein:

In re Louisiana Driving & Racing Club, 120 La. 268, 272, 45 So. 127, 128:

"If there be anything in the transcript which should not have been included in it, appropriate proceedings should be taken to have the same expunged."

In Immanuel Presbyterian Church vs. Riedy, 104 La. 314, 29 So. 149:

"The fact that the district clerk, in making out a transcript, may have inserted therein matters not proper to be there, or should, without authority, have pasted original documents to the record, should not cause the rejection of the appeal, but the ignoring and the disregarding of such documents or papers."

See, also, Vaccaro Bros. & Co. vs. L. & N. R. Co., 11 La. App. 348, 123 So. 355.

Denegre, Leovy & Chaffe, of New Orleans, attorneys for plaintiff, appellee.

Harry McCall, of New Orleans, attorney for defendant, appellant.

In Gilmore vs. Lyon Lumber Co., 159 La. 18, 105 So. 85:

"An appeal will not be dismissed simply because a document, not offered in evidence, is included in the transcript. Where such proves to be the case, the court instead of dismissing the appeal, will ignore the document."

See, also, Smith vs. Shippers' Oil Co., 120 La. 640, 45 So. 533.

On the merits of the rule the transcript shows the following:

First. That, when the attorneys for defendant signed the agreement to take these depositions, they expressly reserved the right to object to any answer as being unresponsive to the question asked.

Second. Defendant objected to 4 out of 18 of the direct interrogatories proposed to these five Nashville witnesses, on the ground that the testimony sought to be elicited was irrelevant and res inter alios acta.

Third. Plaintiff also took, under an agreement containing the identical stipulation as that made the basis of the present contention, the testimony out of court of Ralph Stewart in this city, and the deposition of R. D. Grove, of Atlanta, Ga., and, in spite of the stipulation now relied on, plaintiff's then attorney thought it necessary, and actually offered in evidence, both the testimony of Stewart and the depositions of Grove.

Fourth. Defendant's attorney offered in evidence all his depositions, although they were taken under a similar agreement.

Code of Practice, art. 439, provides that a party intending to use depositions may take a rule to show cause why they should not be used as evidence and, on the trial of this rule defendant must urge all objections founded on any irregularity in the execution of the commission, and, if he fails to do so, all such objections shall be considered as waived. In our opinion, the formality waived in the above-quoted stipulation was the taking of the rule above provided for, but the stipulation did not include, and was not intended to include, the necessity of offering the depositions formally in evidence. If defendant in rule's contention on this point were sound, it would have been perfectly useless for defendant's attorney to make objections to the direct interrogatories, as they would never have an opportunity to urge the objections. Our conclusion on this point, that the depositions were intentionally omitted from the evidence, is confirmed by the contemporaneous construction of the agreement by counsel, who, in spite of an exactly similar stipulation, thought it necessary to offer in evidence all other depositions, which seems to be the general practice of attorneys at this bar. The fact that attorney for appellant brought up the transcript containing these depositions does not now prevent his complaining of its contents.

Act No. 229 of 1910, as amended by Act 265 of 1918, permits the appellant to file with the clerk of court a written list of the portions of the record to constitute the transcript, and give the appellee the right to give further instructions. The act concludes with the sentence that, "in the absence of such direction by appellant, the transcript shall be prepared as the law directs." These acts imply that an appellant is responsible for the transcript only when he gives specific instructions with regard thereto. No such instructions were given in this case, and accordingly the inclusion in the transcript of improper matter should not be visited on the appellant. This view is supported by the decisions in the cases

of Planters' Lumber Co. vs. Sugar Cane By-Products Co., 154 La. 16, 22, 97 So. 267, and Becnel vs. Louisiana Cypress Lumber Co., 134 La. 467, 473, 474, 64 So. 380. In the latter case, the court said:

"We cannot refrain from stating that the whole responsibility under the law is with the clerk of court."

Although the decisions quoted from the Supreme Court above seem to justify the removing the depositions from the record by order of court, or allowing them to remain there and ignoring them, the former seems to be the better course.

For above reasons, the rule to expunge is now made absolute, and it is ordered that the depositions of J. N. Golding, J. A. Macon, Charles Light, Jesse Walker, and A. L. Hicks be removed from the transcript herein.