76 So.2d 392

**Julieta CARDOS, wife of Wade I. Elliot, Individually, and on behalf of Manuelita Munos Brenes Cardos et al.**

v.

**John CRISTADORO and Radio Specialty Corporation.**

No. 41916.

Nov. 8, 1954.

Alcide J. Weysham, New Orleans, for defendant-appellant.

Herbert J. Garon, Nathan Greenberg, New Orleans, for plaintiffs-appellees.

HAMITER, Justice.

The present consideration of this cause concerns a motion to dismiss the appeal.

Relying on certain written contractual provisions plaintiffs, as heirs of Fernando Cardos, deceased, sued to compel John Cristadoro to purchase the decedent's stock in Radio Specialty Corporation. The district court, after trial, ordered specific performance by that defendant and, further, that the plaintiffs have judgment against him for the stock's value of $7,321.50 in the event of his failure to so perform within fifteen days. From the decree such defendant appealed to the Court of Appeal, Orleans Circuit.

In the latter court appellees moved to dismiss the appeal or, in the alternative, to transfer it to this court. The defendant, in a subsequent motion, admitted that the appeal had been lodged in the wrong tribunal and asked that it be transferred. Thereupon, on April 12, 1954, the court rendered the following per curiam [71 So. 2d 601]: "The amount involved in this appeal exceeds the sum of $2,000. Therefore, since this court does not have jurisdiction and both plaintiffs and defendants.

have suggested that the matter be transferred to the Supreme Court of Louisiana, exercising the authority vested in this Court by the provisions of LSA-R.S. 13:4441, 13:4442.

"It is now ordered, adjudged and decreed that this appeal be transferred to the Supreme Court of Louisiana pursuant to law, which transfer is to be effected within sixty days and if such transfer should not be made within that time, then and in that event the appeal is to stand as though it had been dismissed. Defendants-appellants are to pay the costs of the appeal to this Court."

On June 22, 1954 the transcript was filed here, and on June 25, 1954 appellees tendered the instant motion to dismiss. In the motion they charge that the transcript's filing in this court, which occurred more than sixty days (specifically seventy-one days) after the rendition of the Court of Appeal's transfer order, was not timely.

In opposition to such motion appellant cites and relies on Mitcham v. Mitcham, 184 La. 111, 165 So. 635, wherein we held that in the transferring of an appeal the delays fixed for filing the transcript do not begin to run until the time for submitting an application for a rehearing has elapsed; and he shows that in the light of that holding his transfer here was within the prescribed sixty day period and, hence, timely.

Apparently recognizing the force and correctness of the decision thus cited, ap-

pellees contend that it is inapplicable to this matter for the reason that appellant, by his asking for a transfer of the appeal, waived the right to apply for a rehearing and caused the transfer order to be final on the date of its rendition. But the contention completely overlooks the fact that appellees' motion in the Court of Appeal (filed prior to that of appellant) was primarily for an outright dismissal of the appeal, which relief was not granted (a transfer was ordered pursuant to their alternative prayer). This fact appears important, because until the expiration of the delay for appellees' requesting a rehearing on their primary demand, as they had the right to do, the judgment could not and did not become final.

Accordingly, the motion to dismiss is denied.