SAVOY, Judge.
This proceeding began as a boundary action. Plaintiffs alleged ownership of a 56-acre tract of land in Natchitoches Parish, lying contiguous to and to the west of property owned by defendant, and prayed for appointment of a surveyor and in due course a judgment determining the boundary line between the respective properties.
The defendant filed exceptions of vagueness, and of no cause and no right of action, and also a rule to show cause why the order naming the surveyor and ordering the survey should not be recalled, vacated and set aside.
The parties then entered into an agreement and stipulation, dated November 26, 1956, that the sole question involved in the lawsuit was the ownership of the property described in plaintiffs’ original petition, and that the action would be converted into an action to try title and would be considered as such for purposes of trial.
After a trial on the merits, judgment was entered in favor of plaintiffs, recognizing them as owners of the property in dispute, as having a better record title than defendant, and decreeing that the question of fixing the boundaries of the tract of land be held in abeyance. From this judgment, defendant appealed to this Court. The defendant has filed in this Court a plea of acquisitive prescription of ten (10) years and a plea of estoppel.
The record reveals that the property in question is located north of the Red River within Natchitoches Parish, on the east side of the boundary line between Natchitoches Parish and Red River Parish. At this place, the boundary line between the parishes is also the section line. The property involved is the west 14 chains of the Southwest Quarter of Section 18, Township 11 North, Range 8 West, Louisiana Meridian, containing 56 acres, more or less. The adjoining property on the west side of the section line is situated in Section 13, Township 11 North, Range 9 West, Louisiana Meridian, and lies within Red River Parish. Plaintiffs own this property to the west within Red River Parish, and the defendant owns property to the east of the property in dispute.
In support of their ownership of the property involved in this lawsuit, plaintiffs introduced a chain of title beginning with a patent from the United States of America through several successive conveyances to the plaintiffs. The defendant relied upon the earlier chain of title of plaintiffs through an act of partition dated July 30, 1898, which divided the “Lac Des Mures Plantation” between Mrs. Virginia E. Crain and B. B. Grappe. Defendant introduced his chain of title beginning with that partition and claimed ownership through B. B. Grappe, who was defendant’s ancestor in title. Plaintiffs claim the property from the same partition, with Mrs. Virginia E. Crain as their ancestor in title.
Thus, both parties claim the property in dispute as a result of the aforesaid partition, each maintaining that their respective ancestors in title received the property from this partition.
The first issue to be resolved is the interpretation of the act of partition dated July 30, 1898, and the annexed plat of survey dated July 26, 1893.
It is noted that the act of partition was recorded August 21, 1899, and the plat of survey was copied from the map on file with the act of partition and recorded on *106 December 14, 1901, by S. H. Hill, deputy clerk. A notation was made that the original map was in the hands of B. B. Grappe. The act of partition did not describe what property went to each of the parties, but only specified that the “Lac Des Mures Plantation”, which was described more particularly by certain deeds previously recorded in the records of Natchitoches Parish, was to be divided in accordance with the map attached, with Mrs. Crain receiving a total area of 726.99 acres, more or less, for her %th interest in the plantation, and Mr. Grappe receiving a total area of 1131.-23 acres, more or less, for his th interest in the plantation. These instruments were introduced into evidence by both parties.
The defendant has also introduced a map purporting to be the original map held originally in the possession of B. B. Grappe. The word “copy”, however, is noted on the map. This original map, possibly a duplicate original or the original, is so badly torn and effaced that it was necessary for us to compare it with the copy recorded in 1901 in the records of Natchitoches Parish in order to properly interpret it. A comparison shows that in the area of the property in dispute, as well as in several other areas, the original surface of the map is defaced and torn, and as such, is illegible.
On the other hand, the copy found in the parish records is relatively clear to read. This copy appears to be an accurate duplication of the original map and compares with the original map in all places where the original map is still in good condition and is capable of comparison.
With respect to the area of the property involved in this lawsuit, this copy shows clearly that there is an offset in the portion granted to Mrs. Crain in the plat identified as “Cypress Swamp”; that this offset extends across the section line from Red River Parish, including within that area property within Natchitoches Parish, for a distance, east and west, of 14 chains, by the length of a quarter section north and south. Comparing the official maps of this State, the property on the plat can be identified as the West 14 chains of the Southwest Quarter of Section 18, Township 11 North, Range 8 West, Louisiana Meridian. We hold, therefore, that the partition granted the property involved in this lawsuit to Mrs. Crain, the ancestor in title of the plaintiffs.
The next matter we shall consider is the contention by defendant that the plaintiffs have not made out their chain of title since the instruments do not describe the tract of land with any degree of certainty. This contention is without merit, as we have examined the chain of title carefully, and find that the property was described prior to the partition as “the southwest quarter of Section 18, Township 11 North, Range 8 West, Natchitoches Parish, Louisiana”, and as a portion of the “Lac Des Mures Plantation”. This description was certainly adequate. The description in the act of partition is reasonably certain, and the property can be identified. Since the partition, the property has been described as follows:
“A certain tract of land in Natchitoch-es Parish, Louisiana, containing fifty-six (56) acres more or less, being a strip measuring fourteen (14) chains East and West on the West side of the Southwest Quarter of Section 18, Township 11 North, Range 8 West, Louisiana Meridian.”
This description is also reasonably certain.
The trial judge held that the plaintiff had proved his chain of title with certainty and decreed him to be the owner of the property in litigation. The trial judge had allowed the defendant to introduce evidence as to prescription on the trial in the lower court. However, in his decision, he disregarded the evidence as to possession for the reason that defendant had not filed a specific plea of prescription in the lower court. This ruling was correct, for un *107 der the provisions of LSA-C.C.P. Art. 927 and LSA-C.C. Art. 3464, a plea of prescription should be expressly pled.
The district court also disallowed the evidence as to estoppel introduced by defendant for the reason that the plea of estoppel has not been expressly pled in the lower court. The ruling of the trial judge in this respect is also correct. Even had the plea of estoppel been filed in the district court, it would have been of no avail to defendant for title to realty cannot be established by waiver or estoppel and one cannot be divested of his title to realty except in some manner prescribed by law. Wiggs v. Warren Realty Company, (La. App. Orleans, 1958), 106 So.2d 478; Blevins v. Manufacturers Record Publishing Co., 235 La. 708, 105 So.2d 392.
The plea of acquisitive prescription of ten (10) years may be filed in the Court of Appeal if it is expressly pled before the case is submitted for decision. This was done in the instant case. The authority for the filing of the plea in the Court of Appeal is provided for by LSA-C.C. Art. 3464. See also Merchants Adjustment Bureau, Inc. v. Malta, (La.App. 2 Cir., 1958), 102 So.2d 781; and Boudreaux v. Olin Industries, 232 La. 405, 94 So.2d 417.
LSA-C.C.P. Art. 2163 states:
"The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
“If the ground for'the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.”
In oral argument before this Court, counsel for plaintiff argues that in the interest of justice, this case should be remanded to the district court for further evidence in connection with the plea of prescription filed by defendant in this Court. Plaintiff states that while the instant action was originally an action in boundary, by stipulation of counsel for both parties, it was converted into an action to try title. A review of the record bears out this contention.
Were it not for the plea of prescription filed by defendant in this Court, plaintiff would be entitled to all of the property described in the instant suit for he has proved he has an unbroken chain of title commencing with the patent from the United States Government. The record also reveals that defendant does not have record title to the south half of the property described in this suit. We are, therefore, of the opinion that plaintiff is the owner of the south half of the property described in this suit.
The plea of prescription filed by defendant in this Court is based on the contention that the record shows that defendant acquired title to the north half of the property described in the instant case by deed dated April 17, 1937, and that he has possessed said property under the provisions of LSA-Civil Code Article 3478 et seq., for a period in excess of ten (10) years.
In view of the fact that plaintiff objected to any evidence being introduced in the lower court on the question of prescription and did not introduce any evidence of his own on that subject, we believe that justice would best be served if the case were remanded to the lower court for the specific and limited purpose of introducing evidence on the question of prescription as to the north half of the property described in plaintiff’s petition in the instant case.
For the reasons assigned, the judgment appealed is affirmed insofar as it recognizes plaintiffs as the owners of the south half of the 56-acre tract in dispute, said south half being more particularly described as follows:
“The South Half (S}/£) of a certain tract- of land in Natchitoches Parish, *108 Louisiana, containing fifty-six (56) acres more or less, being a strip measuring fourteen (14) chains East and West on the West side of the Southwest Quarter of Section 18, Township 11 North, Range 8 West, Louisiana Meridian.”
The judgment appealed is reversed and set aside insofar as it recognizes plaintiffs as owners of the north half of said 56-acre tract, and this case is remanded to the district court for the limited purpose of allowing all parties to introduce evidence admissible as to defendant’s plea of acquisitive prescription of ten (10) years filed in this Court. All costs in the lower court thus far incurred, as well as the costs of this appeal, are assessed against the defendant.
Affirmed in part, set aside in part and remanded.