254 So.2d 270

Dave L. PEARCE, Commissioner of Agriculture, State of Louisiana ex rel. STATE
MARKET COMMISSION

v.

Alvin STANFORD.

No. 51133.

Nov. 8, 1971.

Joel B. Dickinson, Baton Rouge, for plaintiff-appellant.

Donald Soileau, Mamou, for defendant-appellee.

DIXON, Justice.

Plaintiff, Dave L. Pearce, Commissioner of Agriculture, filed a petition seeking a declaratory judgment to have declared "legal and binding on all potato growers" a

certain "Regulation 6" promulgated by the State. Market Commission prohibiting the shipment of green, uncured sweet potatotes (Louisiana yams) to fresh market outlets after the second Saturday before Thanksgiving.

The Thirteenth Judicial District Court for the Parish of Evangeline, Vidrine, J., held that Regulation 6 was unconstitutional and void, being in violation of both the Louisiana and United States Constitutions.

Plaintiff perfected a devolutive appeal to the Court of Appeal for the Third Circuit and the defendant filed a motion to dismiss the appeal on the ground that the Court of Appeal had no jurisdiction to hear the matter.

The Court of Appeal held in a per curiam opinion, 243 So.2d 855, that it lacked appellate jurisdiction of the case, and that Article 7, § 10 of the Louisiana Constitution conferred jurisdiction of the case on the Supreme Court. The court ordered the appeal transferred to the Supreme Court, provided the record was filed there "within ten days from this date, otherwise the appeal shall stand as dismissed." See 243 So.2d 855.

After the record was lodged in this court, the defendant filed a motion to dismiss the appeal because it was not timely filed.

The ·Court of Appeal rendered its decision·. on. January 5, 1971. The transcript was not filed in this court until January 22, 1971, some seven days after the ten day period fixed by the Court of Appeal.

In Mitcham v. Mitcham, 184 La. 111, 118, 119, 165 So. 635, 637, 638, we held that where the Court of Appeal orders a record transferred to this court within a certain period of time and the record is not filed here within that time, we will not dismiss the appeal where the fault is not attributable to the appellant. The court said:

"Assuming that the Court of Appeal intended in this case that the transcript should be filed in the Supreme Court within thirty days from the date of its order, the court evidently overlooked the fact that its order making the transfer would not become final until the end of the delay allowed either party to make application for a rehearing, and not then if such application were made.

\* \* \* \* \* \*

" \* \* \* the Courts of Appeal cannot know when their judgments will become final. In no event do they become final until fifteen calendar days after rendition, and, if an application for rehearing is timely filed, then they do not become final until the application is finally disposed of, which is indefinite. If. the delay allowed for filing the transcripts in the Supreme Court should begin .to run on the date on which the order making the transfers is signed, it might happen

that the full time allowed for making the transfer would lapse before the order became final."

See also C.C.P. art. 2167; Cardos v. Cristadoro, 226 La. 351, 76 So.2d 392; Frierson v. Cooper, 196 La. 450, 199 So. 388; Gilmore v. Lyon Lumber Co., 159 La. 18, 105 So. 85; De Brueys v. Burns, 144 La. 707, 81 So. 259.

In the case before us, plaintiff would ordinarily have had fourteen days to apply for a rehearing from an adverse judgment. For this reason the clerk of the Court of Appeal (overlooking the provisions of Rule XI, § 6 of the Uniform Rules of Courts of Appeal) did not transmit the record to the Supreme Court until that delay had elapsed. The plaintiff was in no way responsible for the delay in lodging the appeal. Although it applies to the clerk of the trial court, the rule stated in C.C.P. art. 2127 is clearly designed to insulate the appellant from the failure of the clerk to lodge the record timely.

Accordingly, the motion to dismiss the appeal is overruled.