258 So.2d 538

Dave L. PEARCE, Commissioner of Agriculture, etc., Plaintiff-Appellant,

v.

Alvin STANFORD, Defendant-Appellee.

No. 51133.

Feb. 21, 1972.

Joel B. Dickinson, Baton Rouge, for plaintiff-appellant.

Donald Soileau's Law Office, John Saunders, Mamou, for defendant-appellee.

TATE, Justice.

The plaintiff Commissioner of Agriculture appeals from a declaratory judgment holding to be unconstitutional a regulation of State Market Commission pertaining to sweet potatoes. We have previously denied the defendant's motion to dismiss this appeal. 259 La. 989, 254 So.2d 270 (1971).

The record filed in this court includes the plaintiff's petition, the defendant's exception pleading res judicata (founded on a prior suit between the parties, local docket number 23,635),[1] the defendant's answer and reconventional demand, the plaintiff's exception to the reconventional demand, and the trial court's judgment declaring the sweet potato regulation unconstitu-

_____

1. A minute entry shows that this exception was overruled.

tional. The record contains no note of evidence and no minutes indicating consolidation for trial with any other suit.

In the preamble to the decree holding the regulation unconstitutional, the trial court states: "This matter having been submitted on the record for adjudication; the Court considering the evidence in suit, No. 23635, and for the same reasons as given for a judgment in that case, the Court considering the law and the evidence to be in favor of the defendant in this suit and against the plaintiff, for reasons orally assigned: IT IS ORDERED, ADJUDGED AND DECREED [etc.] * * *".

■■■■ On the record before us, the trial court erred by rendering judgment based solely upon evidence taken in another suit. The evidence in such other suit was not before the court, in the absence of agreement of the parties.[2] We know of no authority by which the trial court may take judicial notice of evidence in one suit for purposes of rendering judgment in another suit in which no evidence is introduced.

The trial court had no basis in the record or evidence before it to give judgment decreeing unconstitutional the regulation at issue. Its judgment must therefore be reversed.

The case is remanded, since there is no evidence before us permitting us to rule upon the sole issue raised by this appeal: Whether the trial court erred in refusing to grant the prayer of the petitioner Commissioner declaring that the regulation attacked to be legal and binding on the defendant, Alvin Stanford. So far as the record shows, the Commissioner has not had his day in court, since no evidence was taken as to the issues raised by the petition.[3]

Accordingly, the declaratory judgment granted herein is reversed and set aside, and this case is remanded for further proceedings consistent with the views expressed in this opinion. All costs to await final determination of this litigation.

Reversed and remanded.

---

2. If the record in the prior suit had been introduced for purposes of passing on the exception of res judicata, such record could not be considered on the trial of the merits unless in some way introduced then. However, the record before us does not demonstrate that such prior-suit record was introduced even for this limited purpose.

3. The defendant did not appeal or answer the plaintiff's appeal. Therefore, not before us for review are either (a) the trial court's rejection of the exception urging res judicata or (b) its failure—assuming no separate trial of the principal and incidental action was ordered, La.C.Civ.P. Art. 1038—to consider the defendant's reconventional demand. La.C.Civ.P. Art. 2133.