DOMENGEAUX, Judge
(dissenting).
I am unable to agree that the peremptory “exception” of acquisitive prescription does not exist in Louisiana civil procedure. It is difficult to understand how my esteemed brothers of the majority can state that there is neither legislative nor judicial authority for the existence and/or the application of such an exception.
The Louisiana Civil Code clearly recognizes and distinguishes between two kinds of prescription — acquisitive and liberative. The former is a manner of acquiring ownership of property and the latter a manner of discharging debts. Art. 3457 et seq.
Our Code of Civil Procedure, Art. 927, recognizes prescription as one of the objections a litigant can raise via the peremptory exemption. There is clearly no distinction made in this article, or in the comments following, between prescription ac-quirendi causa and prescription liberandi causa.
Nor do the source articles in the Code of Practice of 1870 make such a distinction. The old Code merely distinguishes between peremptory exceptions arising from law and those relating to form.[1]
It is evident that the peremptory exception of prescription, both acquirendi causa and liberandi causa is one which arises from law rather than relating to form.[2] See also Art. 922, LSA C.C.P., comment b.
One of the primary contentions set forth by the majority is that when a trial judge rules upon an “exception” of acquisitive prescription in a petitory action he considers the merits of the cause, going to the very essence of plaintiff’s title. I respectfully disagree.
Article 345 of the Code of Practice of 1870 defined exceptions founded on law as follows:
“345. Exceptions founded on law. — Peremptory exceptions, founded on law, are *258 those which, without going into the merits of the cause, show that the plaintiff can not maintain - his action, either because it is prescribed or because the cause of action has been destroyed or extinguished.” (emphasis ours)
At the outset we note that Art. 345 is not limited by its language to liberative prescription. Nor do we find any such distinction made in the early jurisprudence, and see no reason why a distinction should be made. As to the majority’s argument to the contrary, I am of the opinion that a trial upon an “exception” of acquisitive prescription is no different from that of a trial on an “exception” of liberative prescription, in that the court does not consider in either the merits of the case presented. All that need be considered is whether there is sufficient evidence to show that the alleged time period has run under the conditions of the respective articles. In the present case the trial judge considered evidence on the question of whether the asserted thirty year prescription had run, id est the merits of the plea of prescription. He did not need to go into the merits of the cause, id est the merits of the petitory action, as to whether plaintiffs had sufficiently made out their title to the property. (Art. 3653, LSA C.C.P.) Regardless of the sufficiency of plaintiffs’ title, if the thirty years prescription had run, defendant became legal owner of the property, acquiring title by acquisitive prescription.
It is evident, as the majority contends, that the issue of ownership is raised in an assertion of acquisitive prescription. But this arises only in context that such ownership flows as a necessary result of the defendant proving the thirty years acquisitive prescription. The defendant in setting up a plea of prescription to a petitory action is in effect demanding to be adjudged the owner of the property because the alleged time period has run.
Therefore, I can only conclude, after an examination of the source articles, that they do not require that the peremptory exception of prescription, therein referred to, is to be limited to liberative prescription.
The majority also defends their holding in part on the basis of Art. 923, LSA C.C. P.:
“. . . The function of the peremptory exception is to have the plaintiff’s action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action.”
I certainly admit that the peremptory exception is designed to have the above designated functions. But surely the majority must admit that the defense of ownership under an “exception” of acquisitive prescription is explicitly aimed at showing that plaintiff’s petitory action is barred by effect of law and tends to dismiss the action. I can see no feasible interpretation of this article which would lend authority to limit the peremptory exception, therein referred to, to liberative prescription and thereby exclude acquisitive prescription.
The majority also contends that because the defendant in a petitory action is not required to prove anything until the plaintiff makes out his title (Art. 3653, LSA C.C.P.) the necessary result is that the defendant CANNOT do anything until plaintiff makes out his title. This is not logical reasoning, nor does it correspond with the jurisprudence.
It is obvious that the defendant in a pet-itory action can wait until there is a trial on the merits of the action and thereby win by a better title. However, there is abundant jurisprudence recognizing that it is within the discretion of the trial judge to dispose of a peremptory exception prior to the trial of the case, rather than refer it to the merits. Saint v. Martel, 123 La. 815, 49 So. 582 (1909); Hebert v. Armstead, 227 So.2d 636 (La.App. 3rd Cir. 1969), see also Article 929, LSA-C.C.P., comment b. In addition, the courts in this state have repeatedly expressed the opinion *259 that where trial and final disposition of an exception will justly terminate the litigation, it should be disposed of before going to trial on the merits, so as to eliminate a protracted and unnecessary trial. City of New Orleans v. Salmen Brick and Lumber Co., 135 La. 828, 66 So. 237 (1914); Hebert v. Armstead, supra; Wischer v. Madison Realty Co., Inc., 83 So.2d 143 (La.App. Orl.Cir. 1955).
The majority continues by asserting as a flat proposition of law that “acquisitive prescription is an affirmative defense and not an exception”. Yet in Official Revision Comment (b) to LSA C.C.P. Art. 1005 titled “Affirmative defenses” we find the following language:
“(b) The language of the source provision was changed to employ civilian, rather than common law, terminology. Thus, ‘extinguishment of the obligation in any manner’ covers payment and release specified by the federal rule as well as all of the modes of extinguishing obligations provided in Art. 2130, Civil Code, except prescription. (Emphasis ours) Compensation may also be urged through the reconventional demand (see Art. 1062, infra) ; while prescription is pleaded throtigh the peremptory exception (emphasis ours) (see Art. 927, supra). Similarly res judicata is pleaded through the peremptory exception (see Art. 927, supra).”
It is once again evident that the authors of the Comment made no distinction in the kinds of prescription.
From a detailed consideration of the jurisprudence I conclude that it is customarily the procedure that a “plea” of acquisitive prescription is referred to and tried with the merits of the case. But this is not sacrosanct. In fact early cases reflect that under the appropriate circumstances a plea of acquisitive prescription is often decided without referring same to the merits. Rives v. Starcke, 195 La. 378, 196 So. 657 (1940); Molliere v. Davant, 154 La. 925, 98 So. 421 (1923).
The majority argues that these cases dealt with pleas of acquisitive prescription and not with peremptory exceptions in addition to being decided on the merits of the case.
But in Rives we quote Chief Justice O’Niell:
“The defendants, without answering the suit or denying in any way the facts alleged in the plaintiffs’ petition, pleaded that they, the defendants, had acquired title by prescription, under article 3478 of the Civil Code, by having possessed the land for a period exceeding ten years, under a deed which was acquired in good faith and was sufficient in form to transfer the title for the land. The plea of prescription, being the only matter at issue, was regularly fixed for trial and in its turn was taken up and tried, with the defendants in the suit bearing the burden of proof of the facts alleged in their plea.” (Emphasis ours)
The trial judge in Rives maintained the defendant’s plea of acquisitive prescription and the Supreme Court affirmed.
I also find that the late Professor Henry G. McMahon, in his scholarly work entitled McMahon — Louisiana' Practice (1939) (at page 494), under section entitled “The Peremptory Exception” and subtitled “The Exception of. Prescription”, included the Supreme Court decision of City of New Orleans v. Salmen Brick and Lumber Co., supra, in his compilation of judicial decisions on the respective titled subjects.
It is appropriate to first note that it is doubtful the distinguished Professor McMahon would have used this case had he not felt that it dealt wtih a peremptory exception of prescription, as it was so included under this title.
In addition it is clear in City of New Orleans v. Salmen Brick and Lumber Co., supra, that a plea of acquisitive prescription of ten years was filed by the defendant, called for trial, sustained, and the peti-tory action dismissed, without referring *260 same to the merits, id est, in effect a separate trial of the plea. The court in affirming used the following language:
“After a further consideration of the ruling, we are of the opinion that it would have simplified matters and would have been better practice to have referred the plea to the merits. On the trial of the plea, all parties introduced their titles in evidence, and the record is as full and complete as if the case had been tried upon its merits. There is no rule requiring that a plea of prescription acquirendi causa, which is one of the means of acquiring title and which requires the taking of oral testimony, should be tried separately and before a trial of the case on its merits.” (emphasis ours)
It is clear to this writer that the Supreme Court, in the above referred to case, again under the pen of then Justice O’Niell, recognized the existence of an “exception” of acquisitive prescription. Therein, in the above quoted language, the Court was of the opinion that 'it “would have been better practice” to refer the exception to the merits, but in so affirming the trial judge’s decision in effect gave strong support to the recognized discretion in the trial judge to try the exception (plea) without referring same to the merits. Thus, whether one calls this procedure a plea or an exception the purpose and end result is the same.
This court in Allen v. Paggi Brothers Oil Co., 244 So.2d 116 (La.App.3rd Cir. 1971), writ denied 258 La. 247, 245 So.2d 716 (1971) explicitly recognized this procedure. As author of that opinion I must strongly disagree with my learned brothers of the majority as to their reading of the facts surrounding the case. This court in Paggi found the facts to be as follows:
(a) A petitory action was filed.
(b) Defendant filed EXCEPTIONS of ten and thirty years prescription ac-quirendi causa.
(c) ULTIMATELY, the defendant filed an answer in which he RE-URGED the pleas of prescription.
(d) The EXCEPTIONS were tried and the plea of ten years was sustained by the trial court and the plaintiff’s suit dismissed. ■
In Allen we affirmed the trial court’s maintenance of the plea of prescription. To reiterate, this case was tried on the exception of acquisitive prescription without referring it to the merits of the petitory action.
In Porche v. Martin, 177 So.2d 288, 290, (La.App.lst Cir. 1965) our brothers in the First Circuit explicitly stated that “Appellant’s exception of prescription based on alleged thirty year possession to a visible boundary, was tried separately . . .” (Emphasis ours). Today the majority in effect is saying that this court did not mean what it said. They base this averment upon the fact that Porche was based upon LSA C.C.P. Art. 852 rather than the other acquisitive prescription articles. However, as is evident by the title of the article, “Acquisitive prescription beyond title”, this clearly refers to prescription ac-quirendi causa by thirty years possession.
In Crain v. Graves, 152 So.2d 104, 107, (La.App.3rd Cir. 1963) this court, with Judge Savoy as its organ, again implicitly recognized the “exception” of acquisitive prescription. Therein, on appeal the defendant filed a plea of acquisitive prescription of ten years under Civil Code Article 3464. Our court in its opinion cited LSA C.C.P. Art. 2163 allowing the appellate court to “. . . consider the peremptory exception filed for the first time in that court ... If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.” (Emphasis ours). Our court remanded the Crain case for this exact reason.
For the above reasons I find no error in the action of the trial judge in disposing of *261 the “exception” of acquisitive prescription herein without refering it to the merits of the case. I respectfully submit that the majority has ventured into the realm of theoretical semantics, but by so doing have not convinced me of the fallacy of my conclusion. I find it clear from a reading of the relevant articles, their sources, and the jurisprudence referred to herein that the “exception” of acquisitive prescription does in fact exist in our civil procedure.
Inasmuch as I feel that the trial judge was correct in his procedural disposition of the pleaded exception I turn to the other two issues presented in this case:
(1) Whether in this petitory action there was a proper introduction into evidence of the prior trial testimony elicited in the possessory action.
(2) Whether the trial judge was justified in maintaining the exception of prescription.
Appellants herein object to the introduction of the prior trial testimony on the grounds that the offering into evidence was by “judicial notice” or “reference”, rather than a “physical” introduction. They rely upon the recent Supreme Court case of Pearce v. Stanford, 260 La. 1163, 258 So.2d 538 (1972). In Pearce our Supreme Court made the statement that they knew of “no authority by which the trial court may take judicial notice of evidence in one suit for purposes of rendering judgment in another suit in which no evidence is introduced." (Emphasis ours). Plaintiffs also rely upon language in Henderson v. Graham, 199 So. 439 (La.App.2nd Cir. 1940), to the effect that a record cannot be offered into evidence by “reference”.
These are substantially correct statements of the law but can be readily distinguished from the factual situations in this case.
LSA-R.S. 13:3723 sets out the procedure by which one is allowed to offer original records of the district court of the parish in which the trial is proceeding into evidence. Jurisprudence has indicated that before such records are admissible into evidence in a subsequent suit, there must be some motion or request to that effect by the party desiring the former record to be admitted. Spencer v. Crain, 61 So.2d 613 (La.App. 1st Cir. 1952).
According to the record, defendant has complied with the requirement of LSA-R. S. 13:3723. Defendant moved to offer the testimony in the prior case, and the court allowed the evidence to be introduced. (Tr. 14). It is apparent that this is antithetical to an introduction by “reference” or “judicial notice”.
Plaintiffs further allege in brief and oral argument, but not at trial on the exception, that the former record was not “physically” produced at the trial, as it had not been transcribed as of that date. There is contrary evidence in the record manifesting certification by the court reporter in the former suit, indicating that at least one-half of the testimony had been transcribed the day before trial on the exception was held. Assuming, arguendo, that plaintiffs’ allegation is true, I am of the opinion that under the facts as presented in our case, lack of physical production of the record at trial is of no legal consequence. The reason for physical introduction is so the his office to inform himself of the contents judge will not have to employ time out of in a given case. It is evident that the trial judge in the present case was well acquainted with the evidence in the former record, as he had heard the former posses-sory action, in addition to the arguments on the exception in this case.
I am also of the opinion that LSA-R.S. 13:3723 is not a hard and fast rule envisioning the physical “bringing into the courtroom” of every record which is introduced into evidence and forms a part of the archives of the court in which the trial is proceeding. Common sense dictates that the laws of evidence in civil cases are not so rigid. Our Supreme Court in an early interpretation of Act 43 of 1870, presently *262 LSA-R.S. 13:3723, also lends credence to my opinion. Chenault v. Howard, 151 La. 991, 92 So. 587 (1922).
Bearing in mind that the same trial judge heard both cases between the identical parties, involving the same tract of land, with the same attorneys participating, I conclude that the original records were properly introduced into evidence.
The second issue addresses itself to the justification of the trial judge in maintaining the exception of prescription. In order to review this determination we must turn to the facts.
The disputed .86 acre tract of land was originally owned by Fisher Petry as part of a larger 65 acre tract in Vermilion Parish. A fence separated the land of Petry from that owned by C. Gastinel to the south.
On November 21, 1898, Petry donated the .86 acre tract to the Pleasant Grove Baptist Church, by duly recorded authentic act, for the purpose of erecting a church or public school. The tract was described as follows:
“One certain lot or parcel of land lying and being situated in the Parish of Vermilion, the aforesaid containing Eighty-Six hundredths of acre and to be taken from the South East corner of the East half of the South East quarter of Section Nineteen, Township Twelve South, Range Three East.”
The record indicates that a church building was thereafter erected on the .86 acre tract and later converted to a school. However, at least forty or fifty years ago the buildings were removed, none being since replaced by the donee, Pleasant Grove Baptist Church. Nor has the land been occupied or put to any other use by the donee since that time.
From the aforementioned 65 acre tract, the same Fisher Petry sold to Felix Breaux the following described Yl/2 acres, which included the .86 acre tract in question, by deed dated December 7, 1931:
“171/2 acres of land taken from One certain tract of land containing about sixty five acres, and being the East half of the Southeast Quarter of Section Nineteen, Township Twelve South of Range Three East, with all buildings and improvements-thereon or thereto appertaining, the 17/2 acres of land being bounded on the North by the Abbeville Canal lateral, East by Joe Petry and the Abbe-ville Canal Lateral, South by C. Gastinel and West by Felix Breaux.”
Nowhere in the act of sale was there mentioned the 1898 donation. Two years previous to this sale Petry had also leased this land to Atlantic Oil and Producing Co., and later sold 14 mineral royalties to the same tract to R. C. Neibert. Neither was there any mention of the donation in these transactions.
Before Felix Breaux’s death in 1935, his daughter Corine, defendant-appellee herein, and her husband were allowed to plant trees and shrubbery and to place a barn, rice house, and other improvements on the V7/2 acre tract. At that time Corine Breaux and her husband were farming the land under rice and grain, in addition to grazing livestock.
After her father’s death in 1935, Corine was also permitted by her mother to place her house and garage upon the property, in anticipation of a partition. In 1937 there was a partition of Felix Breaux’s estate whereby Corine received 20.1 acres, encompassing all of the aforementioned \7/% acre tract.
From 1935 until 1965 defendant-appellee, Corine Breaux, resided upon this 20.1 acre tract, farming and grazing livestock thereon. Throughout this period the previously mentioned fence, separating the property from that of C. Gastinel to the south, remained intact. For at least the 30-year duration the disputed .86 acre tract was included within the appellee’s fenced acreage and was at no time separated from the remainder of the property. This tract was used for farming and grazing as was the rest of appellee’s land.
*263 In 1965 Corine Breaux moved her home and garage from the 20.1 acre farm into Abbeville. Thereafter she also had her barns sold and tool shed removed.
For the next two years Corine continued to use the land as before. In addition, she granted a five year mineral lease on the 20.1 acre tract in 1967 to W. Guidry, who subleased the property to Superior Oil Company. She also conveyed a pipeline right-of-way in March, 1967.
•From 1968 until the time of trial several different parties farmed the land for defendant-appellee, Corine Breaux. Their testimony was to the effect that they had specifically planted portions of the .86 acre tract in question, part of which had become covered with abandoned uprooted trees which had been hauled there.
On September 9, 1969, Pleasant Grove Baptist Church sold the .86 acre tract for the sum of $100.00 to plaintiff-appellant, Gertrude Montgomery Petry, the sale being duly recorded. Shortly thereafter Gertrude M. Petry and her husband had the disputed land surveyed and built a fence around the .86 acre tract. This fence was allegedly torn down several times by defendant, Corine Breaux, and replaced. There was also testimony to the effect that the Petrys cut and tore down the Breaux fence three times, which had to be replaced.
Corine Breaux, defendant-appellee herein, being disturbed in her possession, filed the aforementioned possessory action which was tried on October 22, 1971, and April 15, 1972. Judgment was rendered in her favor.
Upon the foregoing evidence, as elicited at trial of the possessory action, the same district judge who heard the possessory action sustained defendant-appellee’s exception of prescription to this petitory action.
The evidence in the record shows unquestionably that defendant-appellee, Corine Breaux, and her ancestor in title had continuous and uninterrupted as well as public and unequivocal possession of the .86 acre tract for over 30 years. See Louisiana Civil Code Article 3499 et seq.
Therefore I am in agreement with the ruling of the trial judge on the merits of the exception.
For the above and foregoing reasons the judgment of the trial court maintaining defendant-appellee’s exception of prescription and dismissing plaintiffs’ suit should be affirmed.
I respectfully dissent.

. 344. Exceptions relating to forms. — Peremptory exceptions relating to forms, are those which tend to have the cause dismissed, owing ;to some nullities in the proceedings.
Such exceptions must be pleaded in limine litis, that is to say, at the beginning of the suit, and before answering to the merits.
After the defendant has pleaded to the merits, such exceptions shall not be heard; all nullities are cured.