REGAN, Judge.
The plaintiffs, William J. Gruber, Sr., acting individually and as administrator of the estate of his minor son, William J. Gruber, Jr., and Eagle Star Insurance Company, filed this suit against the defendants, Norman Perkins and Mosler Safe Company, endeavoring to recover the sum of $7,332.60, representing damages which they assert were incurred by them as the result of the negligent operation of a motor vehicle by Norman Perkins, who was acting' in the course and scope of his employment for the Mosler Safe Company when the-intersectional collision occurred.
The defendants answered, denied their negligence, and alternatively pleaded the-contributory negligence of the plaintiff’s-minor son. In addition thereto, Norman Perkins reconvened in an endeavor to recover the sum of $3,500.00 for personal injuries which he asserts were incurred by him as a result of the accident.
The plaintiffs then pleaded a peremptory exception to the reconventional demand,, predicated on the prescription of one year. This exception was maintained by the lower court, and the defendant, Norman Perkins, has prosecuted this appeal therefrom.
The record reveals that the accident which forms the subject matter of this litigation occurred on November 6, 1964, and that the plaintiffs filed suit within the one-year prescriptive period. The answer and' reconventional demand, however, were not filed by Perkins until December 28, 1965,. well over one year from the date of the accident. The plaintiff in reconvention has pointed out that the subject matter of the reconventional demand emanates from the same facts as those asserted in the original petition.
Therefore, the pertinent question posed for our consideration is whether a recon-ventional demand in an action ex delicto filed more than one year from the occurrence of the tortious conduct, which demand is predicated upon the same facts as those enumerated in the original petition, prescribes under Civil Code Article 3536 [1] by virtue of the passage of one year.
Counsel for the plaintiff in reconvention concedes in his brief that under the now *224 repealed Code of Practice of 1870 and under the jurisprudence[2] interpretative thereof a reconventional demand is barred by prescription if not filed within one year. However, the plaintiff in reconvention argues that the “broadened scope” of the new Code of Civil Procedure, created by Act 15 of 1960, has, or should have changed the old rule of law.
An analysis of the pertinent articles of the Code of Civil Procedure, referred to by the plaintiff in reconvention, reveals no changes which would in any way affect Civil Code Article 3536, which provides for the prescription of one year to actions of a delictual nature; nor does the Code of Civil Procedure, in any way, modify the existing jurisprudence with respect to the application of this one year prescriptive period to reconventional demands.
The only authority cited by counsel to indicate the possible existence of such a change is the case of National Surety Corporation v. Standard Accident Insurance Company,[3] which he argues permits an intervention to be filed after prescription has run on the main demand. An analysis of the National Surety case, however, reveals that its rationale is predicated upon a special section of the Workmen’s Compensation Statute,[4] and has nothing whatever to do with interventions in actions other than those for workmen’s compensation.
In conclusion, the demand of the plaintiff in reconvention was filed after the one year prescriptive period had run, and his cause of action is thereby prescribed by virtue of Article 3536 of the Louisiana Civil Code.
For the foregoing reasons, the judgment maintaining the plaintiffs’ exception of prescription is hereby affirmed, and the case is therefore remanded to the lower court for such additional proceedings as the nature of the case may ultimately require.
The costs of this appeal are to be paid by the defendants and plaintiffs in recon-vention. All other costs are to await a final determination hereof.
Affirmed and remanded.

. “The following actions are also prescribed by one year:
“That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses.”

. See Hewman v. Blades, Manning’s Unreported Cases 105 (1880); Little v. El Dorado Creosoting Company, 71 So.2d 622 (La.App.1954); and Florane v. Conway, 111 So.2d 149 (La.App., 1959). See also Ritchie v. Wilson, 3 Mart.,N.S., 585 (1825).

. 247 La. 905, 175 So.2d 263 (1965).

. R.S. 23:1101; R.S. 23:1102; R.S. 23:-1103.