227 So.2d 636 (1969)
Ralph J. HEBERT, Plaintiff-Appellee,
v.
Henry ARMSTEAD, Jr., Defendant-Appellant.
No. 2805.
Court of Appeal of Louisiana, Third Circuit.
October 30, 1969.
*637 Charles H. Finley, Lafayette, for plaintiff-appellant.
Armentor & Resweber, by Minos H. Armentor, New Iberia, for plaintiff-appellee.
Caffery, Duhe & Davis, by Jerry Oubre, New Iberia, Davidson, Meaux, Onebane & Donohoe, by Farley Sonnier, Lafayette, Voorhies, Labbe, Fontenot, Leonard & McGlasson, by David S. Foster, Lafayette, for defendant-appellee.
Before TATE, FRUGÉ, and HOOD, JJ.
FRUGÉ, Judge.
This is an appeal by defendant from a trial court ruling which granted a motion for summary judgment to third party defendant, Home Indemnity Company, and another ruling which sustained the peremptory exception of prescription to plaintiff, defendant in reconvention.
Plaintiff, Ralph J. Hebert, and defendant, Henry Armstead, Jr., were involved in an automobile accident on July 30, 1965, approximately one mile east of New Iberia, on Louisiana Highway 86. Ralph J. Hebert was driving an automobile owned by his employer in a westerly direction toward New Iberia and Henry Armstead, Jr., was driving his automobile in an easterly direction toward Loreauville. A collision occurred and both parties were injured.
On June 22, 1966, Ralph J. Hebert filed suit against Henry Armstead, Jr., and Home Indemnity Company (hereinafter, Home) as his alleged insurer. On October 21, 1966, defendant Armstead filed a reconventional demand against the plaintiff, and a third party demand against Home, which, if obtained, would hold Home responsible for all damages for which Armstead may be liable to Hebert. Plaintiff Hebert, the defendant in reconvention, filed a peremptory exception of prescription of one year and Home, third party defendant, filed a motion for summary judgment, alleging that the car involved in the accident was not insured by Home. Both Hebert's exception of prescription and Home's motion for summary judgment were granted by the trial court. Armstead, as plaintiff in reconvention on the prescription issue, and as third party plaintiff on the motion for summary judgment then prosecuted this appeal.
In regard to the exception of prescription, plaintiff in reconvention makes two basic arguments. First, that the one-year prescription of Louisiana Civil Code Article 3536 does not apply to a reconventional *638 demand, and secondly, the trial court erred in trying the exception prior to the trial on the merits.
That the one-year prescription of Louisiana Civil Code Articles 3536 and 3537 applies to reconventional demands is well settled. Scott v. Daigle, 210 So.2d 174 (La.App. 4th Cir., 1968); Florane v. Conway, 111 So.2d 149 (La.App. 2d Cir., 1959). In Gruber v. Perkins, 192 So.2d 222, 224 (La.App. 4th Cir., 1966), the plaintiff in reconvention contended that the new Code of Civil Procedure adopted in 1960 had changed or should have changed the well-settled rule. The court said:
"An analysis of the pertinent articles of the Code of Civil Procedure, referred to by the plaintiff in reconvention, reveals no changes which would in any way affect Civil Code Article 3536, which provides for the prescription of one year to actions of a delictual nature; nor does the Code of Civil Procedure, in any way, modify the existing jurisprudence with respect to the application of this one year prescriptive period to reconventional demands."
Plaintiff in reconvention's second argument is that by virtue of Code of Civil Procedure Article 929, the trial court erred in trying the peremptory exception prior to the trial on the merits. Code of Civil Procedure Article 929 says in part:
"If the peremptory exception has been pleaded in the answer, or subsequently, but at or prior to the trial of the case, it shall be tried or disposed of on the trial."
However, official comment (b) explains the article in this manner:
"The rules enunciated in the above article with respect to the trial of the peremptory exception, do not interfere in any way with the trial judge's discretion in such cases. They merely prevent the defendant's using dilatory tactics in filing the exception after answer, and then insisting upon the trial of the exception in an effort to delay the trial of the case on its merits."
As the comment points out, the article merely reinforces the trial judge's discretion, by making it clear that he is not required to try the peremptory exception whenever the defendant insists. The case of Wischer v. Madison Realty Company, 83 So.2d 143, 144 (Orl. Cir., 1955), reflects the prevailing view, wherein the court said:
"The various appellate courts of this State have repeatedly expressed the opinion that where the maintenance of an exception will justly terminate the litigation it should be disposed of before entering into the merits thereof so as to eliminate a protracted and unnecessary trial."
Also, Clostio's Heirs v. Sinclair Refining Company, 36 So.2d 283 (La.App. 1st Cir., 1948). Accordingly, the trial judge's ruling in regard to the peremptory exception of prescription is proper both as to the merits of the exception and the time of trial of the exception.
The second issue of this suit is whether third party defendant, Home Indemnity Company, was entitled to summary judgment against Armstead, defendant and third party plaintiff. The evidence in the record shows that defendant, third party plaintiff, owned three vehicles. They were a 1962 Ford passenger car, a 1963 Chevrolet passenger car, and a 1955 Chevrolet pick-up truck. It is undisputed that the third party plaintiff was driving the 1963 Chevrolet car at the time of the accident.
Policy Number 7609645 issued by third party defendant to third party plaintiff and admitted by third party plaintiff to be the only one in force, defines four types of automobiles that would be covered by the policy.
a) "A private passenger, farm or utility automobile described in this policy *639 for which a specific premium charge indicates the coverage is afforded." The 1962 Ford is covered under this provision, but the 1963 Chevrolet is not. (p. 20 tr.)
b) "A trailer owned by the named insured". Clearly the 1963 Chevrolet could not be considered a trailer.
c) "A private passenger, farm or utility automobile, ownership of which is acquired during the policy period provided (1) it replaces an owned automobile as defined in (a) above, or (2) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within thirty days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile."
The record indicates that the third party plaintiff acquired his 1963 Chevrolet on December 6, 1964. Policy Number 7609645 was issued on December 12, 1964, therefore the 1963 Chevrolet was not "acquired during the policy period".
d) "A temporary substitute automobile."
This fourth category of covered cars is defined as "any automobile or trailer not owned by the named insured, while temporarily used with the permission of the owner as a substitute to the owned automobile or trailer when withdrawn from normal use because of its breakdown, repairs, servicing, loss or destruction." The record clearly reflects that third party plaintiff owned the Chevrolet and drove it regularly. It was not a "temporary substitute automobile" in fact, nor as defined by the policy. Therefore, the Chevrolet does not come under any of the four definitions of "owned" automobiles covered by the policy as the trial judge properly held.
For the foregoing reasons, we affirm the judgment of the trial court granting the peremptory exception of prescription to the defendant in reconvention and the motion of summary judgment to the third party defendant. All costs of this appeal are to be paid by the appellant.
Affirmed.