STOKER, Judge.
The plaintiff sued on a contract to paint a water tower and tank. After completion of the work the owner refused to pay, claiming the work was defective. The owner also asserted reconventional demands. The trial court found the work defective. It also held the owner’s claims were valid, and denied both claims. Both the contractor and owner have appealed.
Curtis Lolley, doing business as Hercules Tank and Iron Works (Lolley) was the contractor. He agreed to paint a tower and tank belonging to defendant and reconve-nor, Cameron Parish Water Works District No. 1, a political subdivision of Cameron Parish, Louisiana. Lolley sued both the waterworks district and the “Parish of Cameron”. Both answered and filed recon-ventional demands. We shall refer to the “District” to designate both the waterworks district and Cameron Parish.
FACTS
The parties entered into a written contract for the'work done for a total of $15,-900. Of this price $11,900 covered painting the exterior of the structure and $4,000 covered painting the interior of the tank. Lolley finished his job, but the District refused to pay for the work. After some time the District took the position that the work on both the exterior and interior was defective, and large sums would be required to correct the deficiencies. In addition, the District claims that Lolley owed various third parties for damages to private property caused by sprayed paint evidently carried by the wind. The general proposition that damage to some parties did occur is not in dispute. The District established that it paid $8,529.91 to correct the damage to property of third parties, primarily automobiles. The District claims that shortly after Lolley completed his job, rust began to show through the exterior paint applied by Lolley’s workmen. It also discovered that paint was peeling from the interior of the tank.
The District and the Parish answered Lolley’s suit denying his claims. The district reconvened for $30,000 to cover the cost of remedying the defective paint work. On August 17, 1981, the trial court signed an order permitting the District to amend its reconventional demand increasing the demand in reconvention to $132,500. The case was fixed for trial on August 20, 1981. On the day of the trial Lolley filed in open court a pleading denominated as Exceptions and Answers to Supplemental and Amending Reconventional Demand. The trial proceeded without disposition of the exceptions.
Lolley did not provide a performance bond and did not have in effect liability insurance to cover his job for the District. The Cashier and Secretary of the District, Barbara Lou LeBlanc, notified Lolley when third parties began to report damage to their automobiles and other property from spray paint. In response Lolley sent an adjustor or representative to look into the situation. Lolley’s company is an out of state concern. The adjustor made arrangements with an automobile repainting shop in Lake Charles, Louisiana, to clean the paint-damaged vehicles. LeBlanc maintained at trial that Lolley authorized her to pay the paint shop for its work from sums due Lolley under his contract with the District. Lolley denies he gave such authorization and claims that he merely authorized withholding the sums from the contract price until the matter was resolved. After working on about four vehicles, the Lake Charles firm declined to take any more work. LeBlanc contacted Lolley and, according to her testimony, Lolley instructed her to make arrangements with any other firm which would do the work. Lolley denies this.
Barbara Lou LeBlanc testified that she expended some $4,400 to $4,500 having ve- *1356 hieles cleaned when Lolley instructed her to stop expending any of his money on third party claims. LeBlanc testified she complied with these instructions and did not spend any more funds under Lolley’s authorization.
The trial court found that the defective exterior paint work resulted from the attempt of Lolley’s painting crew to spray paint under adverse weather conditions and in high winds. No explanation for the problem with the interior paint job was found. The testimony convinced the trial court that the interior paint, although it met contract specifications, was not adhering and was peeling off of the interior surface in such degree as to justify a complete removal of the interior paint and application of a different treatment — the coating of the interior with a wax material. The low bid for this work was $5,900, the work was completed and the District paid the bid price.
The trial court concluded from the evidence that a “spot brush program” estimated to cost $6,000 would rectify the exterior paint problem.
Lolley complained that he was neither given an opportunity to check the work the District claims was defective nor to rectify any work which was actually defective. Lolley also claims the District actually accepted the job. The District did not make complaint of defective work until some time after Lolley completed his work, but also there is no evidence of an acceptance of work by the District itself. The District showed that the exterior paint supplier warned the job superintendent not to try to paint in adverse weather conditions.
In opposition to Lolley’s position the District claims Lolley refused to come to Cameron Parish to inspect the defective work.
TRIAL COURT’S ACTION
The trial court gave written reasons for judgment. We do not find the trial court was clearly wrong in its factual findings. The trial court found in favor of the District relative to the failure of Lolley’s work to hold up, but found the work was done in accordance with specifications. Therefore, the trial court’s reasons must be read as finding that Lolley’s crew performed the work in a defective manner. The exterior paint was actually selected by the District. The trial court’s reasons for judgment also indicate that Lolley substantially performed the work called for under the contract although with the results indicated. The trial court held that Lolley failed to comply with the terms of the contract which required that he carry liability insurance.
The trial court found that Barbara Lou LeBlanc paid $4,400 to $4,500 in third party damages claims with Lolley’s authorization given by telephone at which point Lolley directed LeBlanc to pay no more claims. The trial court found that the District paid a total of $8,529.11 in third party claims.
The trial court held Lolley’s breach of the obligation to carry liability insurance caused the District “to incur expenses of $8,529.91 for the payment of third party claims”. The trial court also held the “implied obligation of all contracts that the work will be performed with the measure of skill required was breached”. It found the repair costs for the interior work was $5,900 and the estimated cost of correcting the interior work was $6,000. The trial court stated in its reasons for judgment that the expenses mentioned above exceeded the contract price due Lolley; thus any amount due Lolley was “voided by this offset”.
The trial court held Lolley was not entitled to recover under the theory of quantum meruit. The trial court rejected the demands of Lolley as plaintiff and also rejected the reconventional demands of the District. The concluding portion of the trial court’s reasons for judgment are as follows:
“The demands of the plaintiff are rejected.
“The reconventional demand of the parish is without merit. The funds retained exceed the actual expenses documented. The evidence did not show that the rusting condition of the tank and tower are worse now than before January of 1970. The burden of proof on a recon-ventional demand is upon the reconvenor. *1357 The sum of Six Thousand Dollars ($6,000.00) was estimated to be the minimum amount which could be spent to bring the project to the acceptable position of a completed job. Beyond the actual out-of-pocket expenses, the evidence is inadequate to show with the necessary exactitude what damages the parish has suffered. Consequently, the reconven-tional demand is also denied.
“The costs are assessed against plaintiff, Hercules.”
DISPOSITION OF THE CASE
Although the trial court was not clearly wrong in its finding of facts, it erred in its application of law.
Considering the trial court’s specific findings we conclude that it erred in its conclusions in one respect. We disagree with the trial court’s statement: “Beyond the actual out-of-pocket expenses, the evidence is inadequate to show with the necessary exactitude what damages the parish [District] has suffered.” In this regard we consider the $6,000 estimate for correction of the exterior defects as sufficient proof of the District’s claim for this amount. Tr. 143-145, and 148-149.
Under the facts as found there was no legal basis for holding that the District was entitled to any offset for the payment of third party claims in excess of $4,400. An offset of this amount was authorized by Lolley himself. Under the circumstances we may regard the District, acting through its cashier and secretary, as the mandatary of Lolley for the payment of these claims. There is no showing that the District itself was liable for any of the claims. In fact, although it seems reasonably obvious that Lolley would be liable for any bona fide damage claims of third parties, that point was not actually proved. It is true that bills were submitted and the District paid them, but this is all that was proved. Hence, the trial court was in error in concluding that Lolley was liable to the District for $8,529.91 in third party claims paid.
We hold that Lolley authorized the District to pay out $4,400 of the amount due him under his contract.
We hold that Lolley substantially performed his contract. The respective rights of a contractor and owner under such circumstances are well settled. They are fully discussed and clearly set forth in Neel v. O’Quinn, 313 So.2d 286 (La.App. 3rd Cir. 1975), writ denied, 319 So.2d 440 (La.1975). We need not repeat or detail them here.
Inasmuch as Lolley established that he substantially performed his contract, he is entitled to recover under his contract the sum of $15,900 less $4,400 which he authorized LeBlanc to pay on his behalf to third parties. Therefore, Lolley is entitled to recover $11,500. The District established that it is entitled to offset this amount by the sum of its costs necessary to correct the defective work which is the sum of $11,900. The result is that the District is entitled to recover $400.
We do not have before us an appeal by the District from the dismissal of its claim in reconvention for the entire sum of $132,-500. In its brief the District listed one specification of error:
“CAMERON PARISH AND CAMERON PARISH WATERWORKS DISTRICT NO. l’s SPECIFICATION OF ERROR
“The lower court erred in denying recovery to defendants, Cameron Parish and Cameron Parish Waterworks District No. 1, on their reconventional demand against plaintiff, Curtis Lolley, for the difference between the actual contract price of $15,900.00 and the damages and repair expenses incurred of $20,429.91, or a net loss to defendants in the amount of $4,529.91.”
This specification of error, aside from limiting the claim in reeonvention to $20,-429.91, indicates reconvenors’ reliance on and acceptance of the law as set forth in Neel v. O’Quinn, supra.
Prior to concluding this opinion we will comment on Lolley’s Specification of Error No. 1 which reads:
“SPECIFICATION OF ALLEGED ERROR
“The Trial Court errored [sic] in not dismissing the third party demands *1358 brought in the supplemental and amending petition on behalf of CAMERON PARISH [DISTRICT] three days prior to the trial on August 17, 1981. The plaintiff filed exceptions and answers to the supplemental and amending reconven-tional demands. The Trial Court failed to rule on the exceptions and answers filed to these supplemental demands. Code of Civil Procedure Article 925. Code of Civil Procedure Article 927. Civil Code Article 3536. [Herbert v. Armstead] 227 So.2d 636 (3rd Cir. 1969); [Gruber v. Perkins] 192 So.2d 222 (4th Cir. 1966).”
The matters raised in this specification require no extensive treatment. Although Lolley filed his “exceptions and answers” on the day of trial, we find that he made no objection to going to trial. In its written reasons for judgment the trial court held the District’s reconventional demand was without merit. In its judgment the trial court dismissed the District’s third party demand. In essence, however, the trial court did give some effect to the District’s reconventional demand. This is because it offset Lolley’s principal demand with the claims of the District. In doing so the trial court apparently included the sum of $8,529.91 in alleged claims of third parties whose property was damaged by Lolley. Inasmuch as we have rejected this approach, the exceptions of no right and no cause of action asserted by Lolley on the day of trial have been sustained.
An exception of lis pendens asserted by Lolley in its “exceptions and answers” filed on the day of trial is totally without merit. Moreover, Lolley has not argued the matter of lis pendens in its brief filed with us. The question of prescription of the third party damage claim is moot in view of our disal-lowance of them.
CONCLUSION
For the reasons given above we reverse and set aside the judgment of the trial court.
IT IS NOW ORDERED, ADJUDGED AND DECREED that there be judgment on the main demand in favor of plaintiff-appellant, Curtis Lolley, doing business as Hercules Tank and Iron Works, and against Cameron Parish Water Works District No. 1 and the Parish of Cameron in the sum of $11,500, which sum is to be fully offset by the sum awarded herein to reconvenors against Lolley.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiffs in reconvention, Cameron Parish Water Works District No. 1 and the Parish of Cameron and against Curtis Lolley, doing business as Hercules Tank and Iron Work, in the full sum of $11,900, which sum is to be offset by the sum awarded herein above to Curtis Lolley so as to award a net recovery to reconvenors of the sum of $400 and to result in no recovery to Curtis Lolley.
The sum of $400 awarded to reconvenor shall bear legal interest from the date this judgment becomes final. All costs of court incurred in the trial court and in this appeal are assessed to Curtis Lolley, doing business as Hercules Tank and Iron Works.
REVERSED AND RENDERED.